NOS. 07-08-0465-CR, 07-08-0466-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 18, 2009
_____

JOEY DELL GRAY AKA JOEY DALE HATFIELD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 47,484-B, 49,270-B; HONORABLE JOHN BOARD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Joey Dell Gray, appeals the decision of the trial court to adjudicate her guilty of the offense of indecency with a child in Cause No. 07-08-0465-CR. Following the adjudication of guilt, the trial court sentenced appellant to a term of confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) of 10 years. Further, appellant appeals the decision of the same trial court to revoke her community supervision for the offense of failure to register as a sex offender and sentence of four years confinement in the ID-TDCJ for that offense. The punishment in the two cases was

ordered to run concurrently. By one issue, appellant contends that the trial court committed reversible error when it admitted the results of a polygraph examination into evidence. We disagree with appellant and affirm the trial court's judgment.

Factual and Procedural Background

Appellant pled guilty to the charge of indecency with a child on July 23, 2003. She was placed on deferred adjudication for a period of seven years. Pursuant to the plea agreement, appellant was required to register as a sex offender. Appellant failed to register and was subsequently indicted for failure to register as a sex offender. This charge resulted in another plea of guilty and appellant was placed on community supervision for a period of four years. On August 6, 2008, a motion to proceed with adjudication was filed in the indecency case and a motion to revoke probation was filed in the failure to register as a sex offender case. These motions were subsequently amended on September 26, 2008. On October 23, 2008, a consolidated hearing was held on both motions. At the close of the consolidated hearing, appellant was adjudicated guilty of indecency with a child and sentenced to 10 years confinement in the ID-TDCJ. Appellant was also found to have violated the terms and conditions of community supervision in the failure to register case and was sentenced to four years confinement in the ID-TDCJ with such term of confinement to run concurrently with her sentence in the indecency case.

During the consolidated hearing, the State offered the testimony of Kay Renshaw, who is a licensed sex offender treatment provider. Renshaw testified that appellant was discharged from the sexual offender treatment program she was required to complete for

2

failing to maintain a cooperative attitude, failing to demonstrate progress in the treatment program, and admitting to violating program rules regarding use of drugs and trading sexual favors for money and drugs. The State also produced the testimony of Karen Leal, appellant's community supervision officer. Leal testified about appellant's admission of using methamphetamine during her community supervision, engaging in deviant sexual activity, and failing to perform community service hours as required by the terms of her community supervision order.

At the conclusion of the State's evidence, appellant presented the testimony of her mother, Shirley Cox. Cox essentially testified appellant's violation of the trial court's orders were due to her lack of education and alleged mental disability of being bipolar. Appellant testified and denied admitting any illicit drug use, however, she did admit to abusing prescription drugs on several occasions while on community supervision.

The State recalled Leal to testify that appellant, although referred to MHMR on several occasions, was not diagnosed with a bipolar condition. Further, Leal testified that appellant had never offered any excuse for failure to complete the ordered community service hours.

At the conclusion of the hearing, the trial court adjudicated appellant guilty of indecency with a child and found the allegations that she had violated her community supervision in the failure to register case to be true. From this judgment, appellant has appealed alleging that the trial court committed reversible error when it admitted evidence

of the results of a polygraph test, that was administered while appellant was in the sex offender's treatment program.  We affirm the judgments of the trial court.

Polygraph Evidence

Appellant's contention is that the trial court committed reversible error when it allowed the State's witness, Renshaw, to testify about the results of a polygraph test taken by appellant as part of the sexual offender's treatment program.[1]  The context in which the challenged testimony was presented is as follows:

> **Q.** Okay. And what was your first area of concern?  What became your first area of concern?
>
> **A.** As interruptions– and there were a couple of interruptions that we were able to get Joey back on track.  At one point she was having difficulty with drug abuse.  She acknowledged that.  We got her into an ACADA program.  She completed that program, continued to group sessions.  When we really became concerned about Joey was a failed polygraph in May of 2008.
>
> **Trial Counsel:** Judge, at this point the Defense objects to any testimony about polygraph results.  As the Court knows, polygraph results are just not admissible.
>
> **The Court:** Well, and I would not allow it for purpose of making any ultimate determination, but I will allow it as an exception to hearsay just for the state of mind of this witness as to why she took the steps that she did with regard to her treatment.  But I won't consider it for the truth of the matter asserted.
>
> **Trial Counsel:** Okay.

The State contends that appellant failed to preserve the issue of the polygraph evidence for review.  See TEX. R. APP. P. 33.1(a)(1).  Appellant counters that she made a

---

[1]The court-ordered sexual offender treatment program was only applicable to the terms and conditions of the community supervision ordered in connection with the deferred adjudication granted appellant on the indecency with a child case.

4

timely objection and that, since there was no jury, there was no necessity for a motion for mistrial and, therefore, all steps necessary to preserve the issue for appeal had been accomplished. Assuming trial counsel's statement of "Okay" was not acquiescence to the trial court's ruling,[2] appellant's contention is erroneous for another reason. This was not the only time the issue of polygraph testing was raised. The record reflects that the State, apparently based upon the trial court's ruling, returned to the subject a number of times during the direct examination of Renshaw. Trial counsel never again objected nor indicated any dissatisfaction with the trial court's previous ruling. Trial counsel could preserve the alleged error in the admission of the polygraph testimony by either objecting each time a question concerning the results of the polygraph test was asked or by obtaining a continuous or running objection to that line of questioning. See Hudson v. State, 675 S.W.2d 507, 511 (Tex.Crim.App. 1984) (holding that defense counsel must object each time allegedly inadmissible evidence is offered); Ethington v. State, 819 S.W.2d 854, 858-59 (Tex.Crim.App. 1991) (approving the use of a continuous or running objection to an entire line of questions). In the case before us, appellant did not object each time nor obtain a running objection, therefore, the issue has not been preserved for appeal. TEX. R. APP. P. 33.1(a)(1). Accordingly, appellant's sole issue is overruled.[3]

_____

[2]See Holmes v. State, 248 S.W.3d 194, 196 (Tex.Crim.App. 2008) (affirmative statement of "no objection" when evidence is offered waives right to complain about the admission of the evidence on appeal); Dean v. State, 749 S.W.2d 80, 83 (Tex.Crim.App. 1988) (same).

[3]Although notice of appeal was given in both cases, no issues on appeal were presented in regards to the revocation of community supervision. Therefore, the court's ruling on the motion to revoke is not addressed.

Conclusion

Having overruled appellant's only issue, the judgments of the trial court are affirmed.


Mackey K. Hancock
Justice


Do not publish.