

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1050-07

**BILLY HOLMES, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

COCHRAN, J., delivered the opinion in which KELLER, P.J., PRICE, WOMACK, JOHNSON, KEASLER, HERVEY and HOLCOMB, JJ., joined. MEYERS, J., not participating.

## O P I N I O N

We granted the State's petition for discretionary review to resolve a conflict between

various courts of appeals as well as to clarify precedent from this Court.[1]  The Fourteenth

---

[1] Tex. R. App. P. 66.3.  The State's two Grounds for Review read as follows:

(1)  Whether the Fourteenth District Court of Appeals erred by reversing appellant's conviction based upon *Hromadka v. State*, No. 1329-00, 2003 WL 1845067 (Tex. Crim. App. April 9, 2003), because the court of appeals' analysis stretches the

Court of Appeals has held that, even when a defendant states that he has "no objection" to the admission of evidence seized in a search, he may still be entitled to a jury instruction under Article 38.23(a).[2] In *Hromadka,*[3] an unpublished opinion, this Court held that the defendant's failure to object to the admission of evidence did not waive her right to a jury instruction under Article 38.23. Today we affirm the validity of those holdings.

A defendant who affirmatively states, "No objection," when evidence is offered, waives his right to complain on appeal that the evidence was, as a matter of law, illegally obtained under Article 38.23. But that same defendant may still request and receive a jury instruction under Article 38.23 if the evidence raises a contested factual issue that is material to the lawfulness of obtaining the evidence. These are two distinct issues: one is a legal

---

*Hromadka* holding beyond its intended pale, conflicts with this Court's longstanding precedent in *Wyatt v. State*, 162 Tex. Crim. 134, 282 S.W.2d 392 (Tex. Crim. App. 1955), and fails to acknowledge the inapplicability of Article 38.23 in situations where the defendant affirmatively states "No objection" to evidence.

(2)     Whether the Fourteenth District Court of Appeals' opinion highlights a continuing conflict needing resolution among lower courts, initiated before and continuing since this Court's opinion in *Hromadka*, with respect to whether a trial court errs by denying a defendant's requested Article 38.23 jury instruction in situations where the defendant affirmatively stated he had "No objection" to the evidence at issue when offered during trial.

[2] *Holmes v. State*, 223 S.W.3d 728, 731 (Tex. App.–Houston [14th Dist.] 2007) ("We conclude here, as we did in *Bell*, that appellant did not waive his right to an article 38.23 instruction, and because he raised a fact issue regarding the legality of the seizure of the cocaine, he was entitled to such an instruction."); *see also Bell v. State*, 881 S.W.2d 794, 802 (Tex. App.–Houston [14th Dist.] 1994, pet. ref'd).

[3] *Hromadka v. State*, No. 1329-00, 2003 WL 1845067 (Tex. Crim. App. April 9, 2003) (not designated for publication). As an unpublished opinion, *Hromadka* has no precedential weight and must not be cited as legal authority. TEX. R. APP. P. 77.3.

question of admissibility for the judge and the other is a question of disputed fact for the jury's consideration and resolution.[4]

## I.

Appellant was charged with the offense of possession of cocaine. Immediately before opening statements in his jury trial, appellant asked to file a handwritten motion to suppress evidence alleging that he was seized and searched without a warrant, probable cause, or exigent circumstances. He asked that the evidence seized from him be suppressed pursuant to the United States and Texas Constitutions and Article 38.23. The trial judge told appellant to give his motion to his attorney, and his attorney handed it to the trial judge, who said that he would "carry [it] with trial."

Houston Patrol Officer Frank testified that he and Officer Carter were patrolling in the Studemont area at about 3:30 a.m. when they got a dispatch "to a weapons disturbance regarding a male and a female." As they arrived at the location, they saw a male and a female arguing in front of the residence. The woman, Alice Manning, was "[v]ery excited, talking loudly, fast, seems like she was scared." The man, appellant, was holding a garden hoe. As soon as appellant saw the officers, he dropped the hoe. Officer Frank ordered appellant to approach him, but appellant turned and began to walk away, saying that he needed to go inside the house for something. Officer Frank told him to stop. Appellant did

---

[4] *See Madden v. State*, 242 S.W.3d 504, ___ (Tex. Crim. App. 2007) (holding that a defendant is entitled to a jury instruction under Article 38.23 only when the evidence heard by the jury raises an "affirmatively contested" issue of fact that is material "to the lawfulness of the challenged conduct in obtaining the evidence").

not comply; he started running.  He ran through the backyard, and Officer Frank chased him through the next lot which was overgrown and littered with debris.  Appellant angled back and cut through two or three other vacant lots until Officer Frank tripped and fell down in some old chain-link fencing on ground.  Appellant then stopped, turned, and looked at Officer Frank, who got back up and resumed the chase.  After appellant zig-zagged though several more vacant lots, Officer Carter, approaching from a different direction, was finally able to catch up.  He "tackled" appellant.  Officer Carter handcuffed appellant, patted him down, and led him back to the patrol car.  Officer Carter searched appellant more thoroughly and found a 5-6" metal crack pipe in his left rear pocket.  He swabbed the pipe, and the swab tested positive for cocaine.

Officer Carter testified to same effect.  Officer Orekoya testified that he, too, was dispatched to the scene, and he talked to Alice Manning, the woman with whom appellant had been arguing.  She was crying and talking really fast.  She said that appellant was getting high on drugs, which scared her, so she called her mother.  Then appellant got mad and threatened to kill her.  He tried to strangle her with a telephone cord, and he ran after her with a hoe.  She did not testify at trial.

A chemist testified that she conducted a lab test on the pipe residue and that it was cocaine.  When the State offered the crack pipe into evidence, appellant's attorney stated, "No objection."

In the defense case, the fifty-seven-year-old appellant testified that he was at his

deceased grandmother's house, which he takes care of. Alice had been living there for about a month. Alice was appellant's friend, but she wanted to have an intimate relationship with him and he did not. She would argue with him about it. Alice had provided an "18 pack of beer" that night, and appellant drank about four cans. He was getting ready to leave on the bus at 4:00 a.m., when he saw police coming up the street. "[T]hose cops park in front of my grandmother's house all the time. . . . [T]hey go park there for hours." Because he had been drinking and didn't want any conflict, appellant trotted off. He didn't think the officers saw him, and he didn't know they were behind him until he heard an officer talk into his crackling radio. He said that he did not have a garden hoe, and he did not have a crack pipe. "I don't smoke crack."

On cross-examination, he admitted that he was sent to prison for life in 1980 for aggravated robbery, but he "was wronged by the system." He did not recall being convicted of unauthorized use of a motor vehicle and sentenced to three years in prison in 1979; at any rate, that was an "invalid" conviction. Appellant agreed that he was "jogging" away from the officers that night, but denied that he was running from them because he had an outstanding parole violation warrant.

At the jury-charge conference, appellant's attorney asked for a special charge under Article 38.23 of the Code of Criminal Procedure. He stated:

> Specifically with regard to that charge, we'd like the paragraph included, which will follow the language exactly of 38.23 as follows: No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas or the Constitution or laws of the

United States of America shall be admitted in evidence against the accused on the trial of any criminal case. Continuing with this language: If you, the jury, believe or have reasonable doubt that the evidence was obtained in violation of the provisions of this article, then, and in such event, you shall disregard any evidence so obtained.

The trial court denied appellant's request for a charge on the law concerning the admissibility of evidence. The jury returned a verdict of guilty, and the trial court sentenced appellant to six months' imprisonment.

On appeal, appellant argued that the trial court erred in failing to instruct the jury in accordance with Article 38.23, which authorizes the jury to disregard any evidence it concludes was obtained illegally.[5] The court of appeals agreed and quoted from its earlier opinion in *Bell v. State* concerning the three different ways by which a defendant might challenge the legality of obtaining evidence. In that DWI case, the defendant contended that he did not consent to the police taking a sample of his blood.

> [The defendant] could have challenged the legality of the taking of the blood sample in one of three ways: (1) by filing a pretrial motion to suppress evidence, (2) by waiting until the trial on the merits and objecting when the alleged unlawfully-obtained evidence was offered, *or* (3) by raising a factual dispute concerning the circumstances of the taking of the blood and requesting an article 38.23 jury instruction. [The defendant]'s counsel stated "no objection" to the admission of the blood test results. But the central issue on an article 38.23 instruction is not the *admissibility* of the evidence, but rather,

---

[5] At the time of appellant's trial and appeal, this Court had not yet delivered its opinion in *Madden v. State*, 242 S.W.3d 504 (Tex. Crim. App. 2007). That case explains when a defendant is entitled to a jury instruction under 38.23 concerning a specific factual dispute over a historical fact that is crucial to the lawfulness of an officer's conduct. The State, in this case, did not file a cross-petition or otherwise request this Court to review the correctness of appellant's requested jury instruction. But because this issue will arise on a retrial of appellant's case, the parties and trial judge might refer to the jury instruction given in *Madden*.

the evidence's *consideration* by the jury.  In other words, by not objecting to the blood test results, [the defendant] waived any right to challenge the admissibility of the evidence or to instruct the jury that they *must* disregard it. In the present case, [the defendant] did not challenge the *admissibility* of the blood test evidence.  He chose instead to raise a fact issue on [the defendant]'s consent and obtain an instruction that if the jury resolved the fact issue in [his] favor, i.e., if they found that [the defendant] did not consent to the taking of the blood sample, then they would disregard the blood test evidence.[6]

Based upon its prior decision in *Bell*, the court of appeals held that appellant had not waived his right to an Article 38.23 instruction when he stated that he had no objection to the introduction of the crack pipe.  Because he had raised a disputed fact issue regarding the legality of the seizure of that pipe, he was still entitled to a jury instruction under Article 38.23. [7]  The Houston court noted that it, as well as other courts of appeals, had sometimes held that the failure to object to evidence subject to suppression waived any right to an instruction under 38.23.[8]  The court of appeals stated that one of those cases, *Hromadka*, was reversed by this Court in an unpublished opinion.[9]  Thus, it concluded that it would follow

---

[6] *Holmes,* 223 S.W.3d at 731 (quoting *Bell v. State*, 881 S.W.2d 794, 802 (Tex. App.–Houston [14th Dist.] 1994, pet. ref'd)).

[7] *Id.*

[8] *Id.* at 730-31 (citing *Gallardo v. State*, No. 08-03-00287-CR, 2005 Tex. App. LEXIS 913, 2005 WL 280308, *2 (Tex. App.–El Paso Feb. 3, 2005, pet. ref'd) (not designated for publication); *Jackson v. State*, 888 S.W.2d 912, 914 (Tex. App.–Houston [1st Dist.] 1994, no pet.); *Hromadka v. State*, No. 14-99-00685-CR, 2000 Tex. App. LEXIS 3285, 2000 WL 977623, *3 (Tex. App.–Houston [14th Dist.] May 18, 2000) (not designated for publication), *rev'd*, No. 1329-00, 2003 WL 1845067 (Tex. Crim. App. Apr. 9, 2003) (not designated for publication); *Barefield v. State*, No. 14-95-01313-CR, 1997 Tex. App. LEXIS 4133, *8, 1997 WL 445805, *3 (Tex. App.–Houston [14th Dist.] Aug. 7, 1997, pet. ref'd) (not designated for publication)).

[9] *Id.*

*Bell* as its own binding, published precedent, especially because it was "more consistent with the holding of the Court of Criminal Appeals in *Hromadka*."[10]

II.

Article 38.23 is the Texas exclusionary rule, which a defendant may invoke when he asserts that certain evidence was obtained illegally.[11] This Court has long held that there is a definite distinction between the admissibility of evidence under Article 38.23 (which is decided solely by the trial judge) and the jury's role under Article 38.23 in considering evidence that has been admitted.

As we explained in *Pierce v. State*,[12] the "first sentence [of Article 38.23] speaks to the admissibility of evidence."[13] The trial judge determines its admissibility under TEX. R. EVID. 104(a), and his "decision to exclude evidence could be determined by a ruling of law, a finding of fact, or both."[14] The defendant may challenge the admissibility of evidence in

---

[10] *Id.* at 731 n.2.

[11] TEX. CODE CRIM. PROC. art. 38.23(a). That provision reads as follows:
No evidence obtained by an officer or other person in violation of any provisions

of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

[12] 32 S.W.3d 247 (Tex. Crim. App. 2000).

[13] *Id.* at 251.

[14] *Id.*

either of two ways: (1) he may object to the admission of the evidence at the time it is offered at trial and request a hearing outside the presence of the jury;[15] or (2) he may file a pretrial motion to suppress evidence and have it heard and ruled upon before trial.[16] Trial judges "have an obligation to entertain evidence and argument on exclusionary rule objections and to *independently* and *definitively* resolve questions of law and fact presented by such objections."[17]

The second sentence of Article 38.23 speaks to the jury instruction.[18] A defendant's right to an Article 38.23 jury instruction is "independent of other remedies."[19] But, as we noted in *Pierce*, "[t]his sentence can operate only if the trial court has admitted evidence, and only if there is a contested issue of fact about the obtaining of the evidence."[20] There is, of course, nothing to instruct the jury about if the suppression question is one of law only, and there is nothing to instruct the jury about unless there is affirmative evidence that raises a contested fact issue.[21] If there is a contested fact issue, the jury is then instructed about the

---

[15] TEX. R. EVID. 103(c).

[16] *Pierce*, 32 S.W.3d at 251; *see* TEX. CODE CRIM. PROC. art. 28.01, § 1(6); *see generally* 40 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE, § 4.162 (2d ed. 2001).

[17] DIX & DAWSON, § 4.163 at 263.

[18] *Pierce*, 32 S.W.3d at 251.

[19] DIX & DAWSON, § 4.191 at 276.

[20] *Pierce,* 32 S.W.3d at 251.

[21] *See Madden*, 242 S.W.3d at ___.

conflict concerning the specific historical fact that is material to the legality of obtaining the evidence: If the jury believes "X" fact (*e.g.*, that Officer Frank did not reasonably believe that the defendant was holding a garden hoe; that Officer Frank did not reasonably believe that the defendant might have been involved in a "disturbance" with Alice Manning; that Officer Frank did not reasonably believe that the defendant was attempting to evade detention by trotting or running away, etc.), then it should disregard any evidence (such as the crack pipe) obtained by Officer Frank as a result of the defendant's arrest and search.

Defense counsel might know, at the time the State offers its evidence, that specific historical facts are disputed. The State's own witnesses or evidence might affirmatively raise such a dispute. But frequently the defense will not know precisely what historical facts are disputed until the defense case-in-chief. It serves no one's interests to require a defendant to object to evidence which, at the time it is offered, appears to have been lawfully obtained. When the foundation testimony presented by the State in a jury trial is, if believed, sufficient to support a ruling that the evidence was obtained lawfully and the facts are not, at that point, disputed, then the evidence is admissible.[22] The defendant is not required to make an invalid objection to the admission of evidence solely to preserve his right to request a jury instruction

---

[22] If the defendant has requested a hearing outside the presence of the jury to make a ruling on the legality of obtaining the evidence, then the trial judge makes both factual and legal determinations. But when the evidence is offered in the presence of the jury, the credibility of the foundation testimony is a matter solely for the jury, not the judge.

under Article 38.23 if a disputed fact issue should later develop.[23]

We reiterated this view most recently in our unpublished *Hromadka* decision:

[T]he issue presented to the trial judge–the admissibility of evidence–is independent of the issue given to the jury in the charge–whether the evidence may be considered in reaching a verdict. A defendant's decision whether to seek the judge's ruling on admissibility does not affect his right to have the jury instructed on a particular issue.[24]

### III.

In this case, appellant affirmatively waived his right to have the trial judge determine the admissibility of the crack pipe by stating "No objection" when the State offered that evidence. He therefore waived any claim on appeal that the trial court erred in admitting that evidence. He could not now claim that, as a matter of law, the crack pipe was illegally obtained. He could not now claim that this evidence was illegally obtained under the United States or Texas Constitutions or under Article 38.23.[25] Had he received an Article 38.23 jury instruction, he would have no appellate claim at all because the jury's decision regarding that factual dispute would be unreviewable.

The State relies upon *Wyatt v. State,*[26] a succinct 1955 decision, for the proposition that

---

[23] *See* DIX & DAWSON, § 4.191 at 276 (noting that "a defendant does not forfeit his right to jury submission by failing to either or both make a pretrial motion to suppress or object to the evidence when the State offers it at trial").

[24] 2003 WL 1845067 at *1.

[25] *See Wyatt v. State*, 282 S.W.2d 392, 393 (Tex. Crim. App. 1955) (defendant "waived any objection to the marihuana cigarette being offered into evidence" when his counsel stated, "No objection, Your Honor," at the time it was offered).

[26] *Id.*

appellant not only waived any objection to the *admissibility* of the crack pipe when he affirmatively stated "No objection," at the time it was offered, but that he waived any right to a jury instruction about a disputed fact issue as well. Indeed, one could read *Wyatt* for such a proposition. It is hard to tell from that opinion whether the defendant claimed on appeal that the evidence was illegally obtained or whether he wanted the jury to resolve a disputed fact issue that was determinative of the lawfulness of obtaining that evidence.[27] The two cases cited in *Wyatt* both dealt with the admission of evidence, not with a jury instruction

---

[27] In *Wyatt*, the Court stated:

There is only one question presented in appellant's brief, and that grows out of the refusal of the trial court to submit the following requested charge:

"You are further charged that a person is deemed to be intoxicated, when he does not have the normal use of his faculties by reason of the use of intoxicating liquor.

"It is the law of this state that a peace officer has the right to arrest without a warrant of arrest, a person found in a public place, in a state of intoxication.

"You are further charged that if you find from the evidence, or if you have a reasonable doubt thereof, that the Defendant was not intoxicated at the time of his arrest, then his arrest would be unlawful, and the marihuana cigarette alleged to have been taken from him would not be admissible against him, and if you so find, you will find the Defendant not guilty."

If the search was illegal, appellant should have urged an objection to the evidence obtained thereby at the time it was offered. This he did not do, but his counsel stated, "No objection, Your Honor," when the marihuana cigarette was offered. He thus waived any objection to the marihuana cigarette being offered in evidence.

282 S.W.2d at 135-36.

on a disputed fact issue.[28]  At any rate, *Wyatt* has not been cited since 1974,[29] and it has never been cited in connection with a jury instruction under present Article 38.23 as enacted in 1965.  To the extent that *Wyatt* held that a defendant waives any complaint on appeal concerning the admissibility of evidence when he affirmatively states, "No objection," at the time the evidence is offered, it is still good law.  To the extent that *Wyatt* might be construed as suggesting that an express waiver to the admission of evidence also waives any right to a jury instruction concerning disputed fact issues, that case would no longer be valid precedent under current Article 38.23.[30]

The State aptly notes that a number of intermediate courts of appeals have held that a defendant who fails to object to evidence at the time it is offered (or who affirmatively states that he has "no objection" to the admission of that evidence) is not entitled to an

---

[28] *Id.* (citing *Haykel v. State*, 255 S.W.2d 1014 (Tex. Crim. App. 1953), and *Davis v. State*, 244 S.W.2d 241 (Tex. Crim. App. 1951)).

[29] *Boykin v. State*, 504 S.W.2d 855, 857 (Tex. Crim. App. 1974) (defendant waived any claim on appeal that the trial court improperly denied his motion to suppress when he "expressly and affirmatively" waived any objection when the seized items were offered into evidence).

[30] The State also relies upon this Court's decision in *Polk v. State*, 738 S.W.2d 274 (Tex. Crim. App. 1987), in which we held that a defendant need not explicitly cite Article 38.23 in his trial court objection to preserve error under that statute on appeal. *Id.* at 276.  That case did not deal with a jury instruction on a disputed fact issue.  In *Polk*, this court made the passing comment that "Article 38.23, *supra*, is not an independent basis for objecting to admission of evidence at trial, but rather is a procedural result which applies after an objection to the admission of evidence has been sustained." *Id.*  The State argues that this sentence "implies that some sort of admissibility objection is a prerequisite to obtaining an article 38.23 charge instruction."  State's Brief at 11.  We do not follow this logic because *Polk* never discussed any right to a jury instruction under Article 38.23–the second sentence of the statute.  It dealt solely with the legal admissibility of evidence–the first sentence of the statute.

Article 38.23 jury instruction on a disputed fact issue.[31]  Therefore, we reiterate that an objection to the admissibility of evidence under the first sentence of Article 38.23 is *not* a prerequisite to the right to a jury instruction regarding a disputed factual issue under the second sentence of Article 38.23.  A defendant may, but is not required to, object to the admission of evidence as well as make a request for an Article 38.23 jury instruction.  Even when the defendant affirmatively states that he has no objection to the admission of certain evidence, he may still be entitled to an Article 38.23 jury instruction.  The admissibility of evidence and the jury's consideration of that evidence are not necessarily linked together.

In this case, appellant did request a jury instruction under Article 38.23.[32]   Because the court of appeals correctly concluded that (1) appellant had not waived his right to a jury instruction when he stated that he had no objection to the admission of the crack pipe, and

---

[31] *See, e.g., Smith v. State*, No. 01-95-00321-CR, 1996 WL 331123 (Tex. App.–Houston [1st Dist.] June 13, 1996, pet. ref'd) (not designated for publication); *Ramos v. State*, 831 S.W.2d 10, 15-16 (Tex. App.–El Paso 1992, pet. ref'd); *Washington v. State*, No. 10-02-044-CR, 2004 WL 360633 (Tex. App.–Waco Feb. 25, 2004, pet. ref'd) (not designated for publication); *Laird v. State*, No. 03-99-00859-CR, 2001 WL 223278 (Tex. App.–Austin March 8, 2001, no pet.) (not designated for publication); *Riddle v. State*, No. 02-157-CR, 2003 WL 1786025 (Tex. App.–Fort Worth Apr. 3, 2003, pet. dism'd) (not designated for publication); *Jones v. State*, No. 05-97-01554-CR, 1999 WL 98998 (Tex. App.–Dallas March 1, 1999, pet. ref'd) (not designated for publication); *Jacques v. State*, No. 06-05-00244-CR, 2006 WL 3511408 (Tex. App.–Texarkana Dec. 7, 2006, no pet.) (not designated for publication).

[32] Appellant's proffered instruction was incorrect because it was an abstract instruction on the law and did not specify any disputed fact issues; therefore any error should have been analyzed under Almanza's egregious harm standard.  *See* DIX & DAWSON, § 4.197 at 286 ("A brief abstract charge to disregard evidence illegally obtained, drawn directly from the statute, is insufficient and need not be given"). But the court of appeals did not address that deficiency, and the State has not raised that issue in this Court as a basis for reversing the court of appeals.  *See* note 5, *supra*.

(2) he had raised disputed fact issues for the jury's consideration, we affirm the judgment of the court of appeals.


Delivered:  March 5, 2008

Publish