NO. 07-08-0108-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 12, 2009
______________________________

CARL PINNER, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3748; HON. FELIX KLEIN, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          Carl Pinner appeals his conviction on three counts of aggravated sexual assault
committed upon his adopted daughter. He argues that 1) his confession was involuntary,
and 2) the evidence was insufficient to support the convictions. We affirm the judgment. 
          Issue 1 - Voluntariness of Confession
          In his first issue, appellant complains of the trial court’s failure to suppress his written
confession. It was purportedly coerced by a fellow inmate who allegedly threatened to kill
him if he did not write it.


 After a hearing, the trial court denied the motion to suppress. 
Thereafter, when the confession was offered into evidence at trial, appellant’s counsel
stated, “No Objection . . . .”


 By so stating, all complaints regarding the confession’s
admissibility were waived. Holmes v. State, 248 S.W.3d 194, 201 (Tex. Crim. App. 2008).


 
Therefore, appellant’s first issue is overruled.
          Issue 2 - Sufficiency of the Evidence
          Next, appellant attacks the sufficiency of the evidence to support the conviction. It
is unclear if appellant is basing the attack on both legal and factual insufficiency grounds
or simply factual insufficiency. Nevertheless, since factually sufficient evidence is
necessarily legally sufficient, we will discuss only the former, and overrule both issues.
           Appellant contends that the evidence was factually deficient because the victim’s
testimony was unreliable and inconsistent. She also had motive to misrepresent the truth,
he continues. Admittedly, the record discloses that the victim had previously denied being
assaulted by appellant. She nonetheless testified to the contrary at bar. So too did she
represent that her prior denials were made because appellant warned her that telling
anyone would result in her mother and appellant being jailed and her siblings being placed
in foster care. So, the jury had before it a justification for the inconsistencies, if it cared to
believe it.
          We further note that evidence indicated the victim and appellant continued to be
sexually intimate after she was married to another person, and had a child.


 Indeed, her
ex-husband once found the two in bed together. Yet, even if the relationship was
consensual that would not negate the criminality arising from appellant engaging in sexual
intercourse with her when she was eleven years old. 
          And, to the extent that the victim may have been angry at appellant and her mother
for moving away without telling her, the record discloses that an initial complaint about the
assaults was made to the Rape Crisis Center before the move occurred. So, one could
reasonably infer that the allegations against appellant were not motivated by the move and
her anger arising therefrom. 
          That the victim’s step-brother denied witnessing inappropriate activity between his
father and step-sister was something the jury could have considered in rendering its
verdict. Yet, it, along with the other evidence mentioned above, created little more than
credibility issues for the jury to resolve. Brown v. State, 270 S.W.3d 564, 568 (Tex. Crim.
App. 2008), cert. denied, __ U.S. __, 129 S.Ct. 2075, 173 L.Ed.2d 1139 (2009) (noting the
jury to be the exclusive judge of witness credibility and the weight to be afforded a witness’
testimony). In resolving those credibility issues, it could choose not only whom but also
what to believe. Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2002), overruled
in part on other grounds by Laster v. State, 275 S.W.3d 512 (Tex. Crim. App. 2009). That,
coupled with appellant’s own confession, leads us to conclude that the manner in which it
decided those issues was not manifestly unjust. Nor does the evidence cited by appellant
as contrary to the verdict undermine our confidence in the jury’s decision. Thus, that
verdict has the support of both legally and factually sufficient evidence.  
          The judgment of the trial court is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.