NO. 07-08-0108-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 12, 2009
_____

CARL PINNER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3748; HON. FELIX KLEIN, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Carl Pinner appeals his conviction on three counts of aggravated sexual assault committed upon his adopted daughter. He argues that 1) his confession was involuntary, and 2) the evidence was insufficient to support the convictions. We affirm the judgment.

*Issue 1 - Voluntariness of Confession*

In his first issue, appellant complains of the trial court's failure to suppress his written confession. It was purportedly coerced by a fellow inmate who allegedly threatened

to kill him if he did not write it.[1]  After a hearing, the trial court denied the motion to suppress.  Thereafter,  when the confession was offered into evidence at trial, appellant's counsel stated, "No Objection . . . ."[2]  By so stating, all complaints regarding the confession's admissibility were waived.  *Holmes v. State,* 248 S.W.3d 194, 201 (Tex. Crim. App. 2008).[3]  Therefore, appellant's first issue is overruled.

*Issue 2 - Sufficiency of the Evidence*

Next, appellant attacks the sufficiency of the evidence to support the conviction.  It is unclear if appellant is basing the attack on both legal and factual insufficiency grounds or simply factual insufficiency.  Nevertheless, since factually sufficient evidence is necessarily legally sufficient, we will discuss only the former, and overrule both issues.

Appellant contends that the evidence was factually deficient because the victim's testimony was unreliable and inconsistent.  She also had motive to misrepresent the truth, he continues.  Admittedly, the record discloses that the victim had previously denied being assaulted by appellant.  She nonetheless testified to the contrary at bar.  So too did she represent that her prior denials were made because appellant warned her that telling anyone would result in her mother and appellant being jailed and her siblings being placed

---

[1]The confession consisted of the following statement:  "I Carl Wayne Pinner confess that I am guilty as charged of the charge of aggrivated [sic] sexual assault of [the complainant]."

[2]Counsel for appellant represented in her brief that an objection was uttered. Given that the appellate record clearly indicates otherwise, we will construe the representation as a mere mistake as opposed to an attempt to mislead.

[3]While appellant may not have waived his right to receive an instruction under art. 38.23(a) of the Code of Criminal Procedure (regarding the ability of the jury to disregard testimony that was obtained contrary to the law), such an instruction was included in the charge.

in foster care.  So, the jury had before it a justification for the inconsistencies, if it cared to believe it.

We further note that evidence indicated the victim and appellant continued to be sexually intimate after she was married to another person, and had a child.[4]  Indeed, her ex-husband once found the two in bed together.  Yet, even if the relationship was consensual that would  not negate the criminality arising from appellant engaging in sexual intercourse with her when she was eleven years old.

And, to the extent that the victim may have been angry at appellant and her mother for moving away without telling her, the record discloses that an initial complaint about the assaults was made to the Rape Crisis Center before the move occurred.  So, one could reasonably infer that the allegations against appellant were not motivated by the move and her anger arising therefrom.

That the victim's step-brother denied witnessing inappropriate activity between his father and step-sister was something the jury could have considered in rendering its verdict.  Yet, it, along with the other evidence mentioned above, created little more than credibility issues for the jury to resolve.  *Brown v. State,* 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied,* __ U.S. __, 129 S.Ct. 2075, 173 L.Ed.2d 1139 (2009) (noting the jury to be the exclusive judge of witness credibility and the weight to be afforded a witness' testimony).  In resolving those credibility issues, it could choose not only whom but also what to believe.  *Margraves v. State,* 34 S.W.3d 912, 919 (Tex. Crim. App. 2002), *overruled in part on other grounds by Laster v. State,* 275 S.W.3d 512 (Tex. Crim. App.

---

[4]The complainant was only fifteen when she married and gave birth to a child.

2009).  That, coupled with appellant's own confession, leads us to conclude that the manner in which it decided those issues was not manifestly unjust.  Nor does the evidence cited by appellant as contrary to the verdict undermine our confidence in the jury's decision.  Thus, that verdict has the support of both legally and factually sufficient evidence.

The judgment of the trial court is affirmed.


Brian Quinn
Chief Justice


Do not publish.