NO. 07-08-0499-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 7, 2009
_____

EARNEST LEE MARSHALL,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B17,642-0805; HON. ED SELF, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Earnest Lee Marshall (appellant) appeals his conviction for possession of cocaine. Via three issues, he contends that the 1) trial court erred by denying his motion to suppress and 2) evidence was insufficient to support his conviction. We affirm.

**Background**

On March 20, 2008, a search warrant was executed at appellant's residence. The search warrant affidavit was based on numerous phone calls to the police about suspicious

activity at appellant's residence. Officer Ramiro Sanchez (Sanchez) set up surveillance on the home. He observed a lot of activity coming and going where several came and left within a couple of minutes. He recognized several as well known drug users. Sanchez contacted an informant he knew who was able to set up a drug buy from appellant. The informant purchased the drugs and returned to meet with the officer. He informed the officer that appellant was in possession of a large quantity of cocaine at his home. Furthermore, Sanchez learned that appellant was the person living at the residence and had control of same. Sanchez, then, obtained the aforementioned search warrant.

When executing the warrant, the officers found appellant in the bathroom holding its door shut. His girlfriend was discovered hiding in the bathroom closet behind some clothes. Furthermore, a white baseball cap that appellant had been wearing earlier that day was seen lying on the floor of the bathroom. The officer was able to identify the cap due to a distinctive mark or lettering on its front. Next to the cap was a pipe of the type used to smoke crack cocaine, and when an officer attempted to retrieve the cap, a small white rock fell out of its brim. The white rock eventually tested to be 0.13 grams of cocaine.

No other drugs were found that were connected to appellant. Nor was a large amount of money found either on appellant or in the house. Additionally, appellant's girlfriend testified not only that the cocaine was hers but also that appellant owned no ball cap.

### Issue One - Denial of Motion to Suppress

In his first issue, appellant contends that the trial court erred by failing to grant his motion to suppress based on the fact that the search warrant affidavit was insufficient to support the issuance of a search warrant. This is so, according to appellant, because the

information found in the warrant revealed "only non-detailed, innocent activity which could have (and was even was [sic]) known to anyone by means of casual observation." Furthermore, according to appellant, the "corroborated information did not relate to future conduct." However, our review of the record shows that at the time the State offered into evidence the drugs found, trial counsel stated "no objection." Thus, he waived any complaint on appeal concerning the admissibility of the evidence. *See Holmes v. State*, 248 S.W.3d 194, 201 (Tex. Crim. App. 2008) (holding that a "defendant waives any complaint on appeal concerning the admissibility of evidence when he affirmatively states, 'No objection,' at the time the evidence is offered"). We overrule appellant's first issue.

### *Issues Two & Three - Sufficiency of the Evidence*

Appellant contends that the evidence is both legally and factually insufficient to link him to the cocaine. This is so because 1) the evidence was not in plain view, 2) he was not under the influence of the narcotics when arrested, 3) he possessed no other drugs when arrested, 4) he made no incriminating statements when arrested, 5) he did not attempt to flee or make any furtive gestures, 6) the amount of cocaine was very small, 7) there was no odor of contraband, 8) he did not possess large sums of cash nor was he in exclusive possession of the area where the contraband was found, and 9) his girlfriend accepted ownership of the drugs. We disagree and overrule the issues.

The standards by which we review the sufficiency of the evidence are well established. We refer the parties to *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State*, 204 S.W.3d 404 (Tex. Crim. App. 2006) for their explanation.

The evidence of record disclosed that 1) the house belonged to appellant, 2) during surveillance of the house, a number of people were seen making "minute" or very short visits to it (which activity was consistent with that undertaken at a crack house), 3) some of the visitors were drug users known to the police, 4) appellant had sold drugs to an officer's informant during a very recent controlled buy at the house, 5) appellant was found both in the house and in the room in which the drugs were located, 6) appellant, who was closest to the cocaine rock, was attempting to force the bathroom door closed as an officer tried to enter, 7) the cap appellant had been wearing earlier that day contained the cocaine, and 8) that cap was discovered on the bathroom floor next to a crack pipe. These indicia are more than some evidence from which a rational jury could deduce, beyond reasonable doubt, that appellant exercised care, custody, and control of the drug in question.

While it may be that appellant's girlfriend claimed ownership of the contraband and said appellant did not own the cap, that simply created an alternate scenario and fact issue for the jury to consider. Furthermore, the jurors were not required to believe what the female said. *Evans v. State*, 202 S.W.3d 158, 166 (Tex. Crim. App. 2006).

Upon considering the whole record, we cannot say that the evidence purporting to contradict the verdict overwhelms that establishing guilt. Nor can we say that the latter is weak. Consequently, we conclude that the verdict of guilty has the support of both legal and factually sufficient evidence.

The judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

4