NO. 07-09-0105-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 JANUARY 20, 2010

 ______________________________

 LUIS ALBERTO JARAMILLO, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

 NO. 57,842-D; HONORABLE DON EMERSON, JUDGE

 _______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Following a plea of not guilty, Appellant, Luis Alberto Jaramillo,
was convicted of possession of one gram or less of methamphetamine,1
enhanced, and sentenced to seven years confinement. Presenting a sole
issue, Appellant maintains the stop of his vehicle was unreasonable. We
affirm.

 Factual Background

 On May 5, 2008, law enforcement had been attempting to serve a grand
jury subpoena on an Asian female named Cindy Sivilaisane. Although not
personally familiar with Ms. Sivilaisane, Officer Robert Woodward, who had
been conducting surveillance on her residence, observed an Asian female
depart that residence and enter a vehicle with two male occupants.
Woodward testified that although he did not observe the driver of the
vehicle commit any traffic offenses or engage in any other criminal
activity, he nevertheless stopped the vehicle and asked for permission to
search the vehicle. After consent to search the vehicle was given by the
driver, but before the search occurred, Officer Ross Renner arrived as
backup. Renner testified that he determined the Asian female was not the
person he and Woodward had been attempting to locate to serve the subpoena.
 Despite Officer Renner's knowledge, all three occupants were asked to exit
the vehicle and the search continued.

 According to the evidence, during the search of the vehicle, a
syringe was found on the floorboard of the right passenger seat where
Appellant had been seated. The officers also found two different CD cases.
 One case, discovered underneath the front seat, contained a plastic baggie
with marihuana and a baggie with methamphetamine. A second case, which was
found behind the front seat, contained two digital scales and several
spoons.

 Originally, the Asian female had given officers a false name on
account of an outstanding warrant. After almost one hour, the officers
were able to determine her true identity. They spoke with her and the
driver of the vehicle. At that point, she became cooperative and told
Officer Renner "off the record" that the contraband found in the vehicle
belonged to Appellant. Despite Appellant's denial of knowledge of the
contraband found in the vehicle, he was handcuffed and arrested. Appellant
was searched at the jail by Officer Johnny Bermea, who found .13 grams of
methamphetamine in the change pocket of Appellant's jeans.

 By a sole issue, Appellant maintains the trial court should have
granted his oral motion to suppress the methamphetamine because the stop of
the vehicle was unreasonable. The State maintains, among other assertions,
that Appellant waived his complaint for appellate review.

 Preservation of Error

 During a bench trial, Officer Bermea testified that as is customary,
he did a thorough search at the jail. During that search, he found a small
plastic resealable bag (State's Exhibit 8) containing residue that was
possibly methamphetamine (State's Exhibit 9) in the coin pocket of
Appellant's jeans. When the State moved to introduce the exhibits,
Appellant orally moved to suppress the evidence as being illegally seized
in violation of article 38.23 of the Texas Code of Criminal Procedure. The
trial court overruled Appellant's motion and received both exhibits.

 An employee of the Texas Department of Public Safety who tested the
substance contained in Exhibit 9 testified it contained .13 grams of
methamphetamine. Appellant objected to its admission until the chain of
custody could be established. The trial court sustained the objection.

 Officer William Lang, the property technician for the Amarillo Police
Department testified to the chain of custody of State's Exhibit 9. When
the prosecutor asked that Exhibit 9 be admitted into evidence, defense
counsel stated, "Now that the chain is established, we would have no
objection to 9." By affirmatively stating he had "no objection to 9,"
Appellant waived his right to complain on appeal that the evidence was, as
a matter of law, illegally obtained. See Holmes v. State, 248 S.W.3d 194,
196 (Tex.Crim.App. 2008) (when a defendant affirmatively states he has "no
objection" to the admission of the evidence during trial, he waives the
right to complain on appeal despite the trial court's ruling on the motion
to suppress). See also Strauss v. State, 121 S.W.3d 486, 490
(Tex.Crim.App. 2003, pet. ref'd). Having failed to preserve error,
Appellant's sole issue is overruled.

 Conclusion

 Accordingly, the trial court's judgment is affirmed.

 Patrick A. Pirtle
 Justice

Do not publish.
 1Although Appellant was indicted for possessing four grams or more but
less than two hundred grams of methamphetamine; he was convicted of the
lesser included offense of possessing one gram or less.