NO. 07-10-00166-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JANUARY
4, 2011

 



 

WILLIAM LEE BAUM,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 100TH DISTRICT COURT OF DONLEY
COUNTY;

 

NO. 3669; HONORABLE STUART MESSER,
PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Appellant
William Lee Baum was convicted of indecency with a child.  He seeks to overturn that conviction by
contending the trial court should have granted his motion to suppress his
statement to law enforcement officers. 
We disagree and affirm the judgment. 

            Appellant argues that his statement
was involuntary and the result of coercion. 
A hearing was held on his motion to suppress and the trial court denied
it.   At the time the State sought to
have the statement admitted into evidence before the jury, appellant stated,
“No objection.”  The statement was
admitted, and the State then asked to publish it to the jury.  The court granted permission, but before it
was published, appellant renewed his objections “made prior to this trial” and
urged that the statement be suppressed. 
The court overruled the objections.

            To preserve
error for review, a party must make a timely request, objection or motion.  Tex.
R. App. P. 33.1(a)(1).  To be
timely, the objection must be made at the earliest opportunity.  Gillenwaters
v. State, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006) (stating that an
objection is timely if made as soon as the grounds for it become apparent).  Moreover, when a party affirmatively states
he has “no objection” when  evidence is
offered, any complaint is waived.  Holmes v. State, 248 S.W.3d 194, 196
(Tex. Crim. App. 2008).  

            Here,
appellant stated he had no objection when the evidence was first offered.  After it had been admitted and the State
sought to publish it to the jury, appellant reiterated the objections
promulgated at the suppression hearing. 
However, at that point, the objections were not timely.   

            Yet, even if
the objections were preserved, there would be no error.  According to the record, appellant
voluntarily appeared at the sheriff’s office to undergo a polygraph.  He appeared calm to the officer administering
the test and received his Miranda warnings. 
When the test results indicated he was being disingenuous, he informed
the interrogator that he was not lying but that he would make a statement.  The interrogation lasted a “couple of hours,”
according to appellant, and he was allowed to go on a “bathroom break” during
its occurrence.  The interrogator also
testified that appellant was told, before making the written statement, that he
did not have to provide one and that the choice to do so would be voluntary.  From these indicia, the trial court had
factual basis to conclude that appellant’s statement was indeed voluntary.  This is especially so since the record
reveals that the trial court’s decision was influenced by “the credibility of
the witnesses” who testified; in other words, the trial court could have
deigned appellant’s testimony about feeling coerced unbelievable.

            Accordingly,
appellant’s issue is overruled and the judgment is affirmed.

 

                                                                        Brian
Quinn 

                                                                        Chief
Justice     

 

Do not publish.