

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00047-CR
### NO. 02-14-00048-CR
### NO. 02-14-00049-CR
### NO. 02-14-00050-CR
### NO. 02-14-00051-CR

GILBERT JUNIOR COLLINS A/K/A APPELLANT
GILBERT JOUINOR COLLINS

V.

THE STATE OF TEXAS STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NOS. 1324826D, 1324831D, 1324834D, 1324837D, 1324842D

----------

## CONCURRING OPINION

----------

Although I concur in the judgment, I write separately to address appellant's

third and fourth issues regarding the trial court's refusal to give the jury an article

38.23 jury instruction on plain view because I do not believe the trial court erred.

Regarding the State's argument that appellant was estopped from seeking an article 38.23 instruction, the following exchange occurred during the State's questioning of one of the officers who served the warrant:

> [Appellant's counsel]: Your Honor, before questioning proceeds, may I address the Court at the bench?
>
> THE COURT: Yes.
>
> (At the bench, on the record.)
>
> [Appellant's counsel]: Your Honor, I just want to ask for a running objection to the items that are located in the room and make it clear that we're not consenting to the relitigation --
>
> THE COURT: Right.
>
> [Appellant's counsel]: -- of the motion to suppress.
>
> THE COURT: Right. That's granted.
>
> [Appellant's counsel]: Thank you.
>
> THE COURT: Okay.
>
> [Prosecutor]: Objection's overruled[?]
>
> THE COURT: Yes.

Despite indicating that he was not consenting to the relitigation of the motion to suppress, appellant's counsel nevertheless simultaneously objected—and requested a running objection—to the admission of the items found in the room into evidence. During the trial, appellant's counsel questioned the officers involved in the search extensively regarding whether they could actually see the gun when they entered the room, based on its location in relation to other items

2

around it and the officers' positions in the room. He also questioned witnesses regarding the circumstances of appellant's and Lisa's living arrangements.

A pretrial motion to suppress and a trial objection to the admission of evidence both challenge the admissibility of evidence. *Holmes v. State*, 248 S.W.3d 194, 199 (Tex. Crim. App. 2008). But a defendant's entitlement to an article 38.23 instruction concerns whether the jury should consider evidence already admitted, and we determine whether a material fact issue has been raised (and whether an instruction should have been given) based on the state of the admitted evidence. *Id.* Therefore, an objection to the admissibility of evidence—via pretrial motion to suppress or contemporaneous trial objection—is not a prerequisite to a request for an article 38.23 jury instruction. *Id.* at 202. I agree, then, that appellant's counsel was not estopped from *requesting* an article 38.23 jury instruction because he told the trial court he did not intend to relitigate the "motion to suppress."

However, I would hold that the trial court did not err by refusing to give the instruction on plain view because appellant did not raise a contested fact issue material to the lawfulness of the seizure. Appellant argued that the gun was not in plain view—and that he raised a fact issue as to whether it was—based on State's exhibits 35 and 36, photographs of the area around the bed in which the gun is not visible. But the State also introduced exhibit 43, a photograph of the bed from a greater distance and different angle that clearly shows the gun was in plain view. No witness testified that the gun was blocked from view, obscured by

3

any other item, or that it had been moved before the photograph in exhibit 43 was taken.

The majority author concludes that the evidence raised a material factual dispute solely because of the admission of exhibits 35 and 36.  But the fact that two photographs were taken that did not show the gun does not show a factual dispute or contradict the officers' unequivocal testimony that they saw the gun upon entering the room.  *See Hamal v. State*, 390 S.W.3d 302, 307 (Tex. Crim. App. 2012); *Oursbourn v. State*, 259 S.W.3d 159, 177 (Tex. Crim. App. 2008) (clarifying that a factual dispute is "raised only by affirmative evidence, not by mere cross-examination questions or argument").  Accordingly, I would hold that the trial court did not err by refusing to submit an article 38.23 instruction on plain view.

For the reasons stated above, I concur in the judgment only as to issues three and four.

/s/ Terrie Livingston
TERRIE LIVINGSTON
CHIEF JUSTICE

GABRIEL, J., joins.

PUBLISH

DELIVERED: April 23, 2015

4