**Affirmed and Memorandum Opinion filed June 18, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00920-CR

---

**RONNIE HOYT ROYSTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1354573**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Ronnie Hoyt Royston, appeals his conviction for improper photography or visual recording. In two issues, he contends the trial court erred by (1) refusing to submit a requested jury instruction, and (2) denying appellant's motion to suppress. We affirm.

# I. BACKGROUND

On June 4, 2012, the sixteen-year-old female complainant, her thirteen-year-old sister, her brother, and their mother were shopping at a department store. The women noticed that a man, later identified as appellant, followed them while they looked at clothes. Unbeknownst to the women at the time, appellant used his iPhone to take numerous photographs focusing on the complainant's buttocks while she shopped. Appellant then placed the phone, set in the video-recording mode, under a bench in a dressing room, partially concealed by some clothing.

The three women then entered that dressing room, and the teenagers began to try on clothes. When the sister dropped an item, she saw the hidden phone. She picked it up and said, "I just got an iPhone" and "it's mine, it's mine," while the complainant replied, "no, it's mine"—remarks which the complainant and her mother characterized at trial as joking rather than indicating intent to keep the phone.[1] The mother immediately took the phone to determine the owner's identity, and the women noticed it was recording. While looking at the contents, they recognized the phone as belonging to the man who had followed them and saw the photographs of the complainant's backside. The mother immediately locked the phone so that it would stop recording. An employee knocked on the dressing-room door, asking if the women had found a phone because someone had called looking for it. The mother responded that they had not because she was concerned appellant might be nearby and she wanted to take the phone to store security. She approached a manager and called the police after learning there was no store security officer. She gave the phone to the responding police officer and reported that it showed the teenagers "half-dressed."

---

[1] The sister did not testify at trial.

The police obtained a search warrant to access the contents of the locked phone, based on the information provided by the women. The police found the photographs of the complainant and the video which recorded appellant hiding the phone in the dressing room and the women discovering it. The police determined from accessing the phone that it belonged to appellant. They contacted him, and he voluntarily went to the station for an interview. The police also learned that the man who called the store inquiring about the phone did not leave his name or contact information. Additionally, appellant did not return to the store, contact the officers, or go to the police station in an attempt to retrieve the phone, and he never reported it as stolen. Finally, the police obtained store surveillance videos showing appellant enter the store while holding a cell phone and displaying an erection through his gym shorts.

Appellant was charged with the felony offense of improper photography or visual recording under section 21.15(b)(2) of the Texas Penal Code.[2] *See* Tex. Penal Code Ann. § 21.15(b)(2) (West, Westlaw through 2015 R.S.) (providing that a person commits an offense if he "photographs or by videotape or other electronic means records . . . a visual image of another at a location that is a . . . private dressing room . . . without the other person's consent; and . . . with intent to: (i) invade the privacy of the other person; or (ii) arouse or gratify the sexual desire of any person").

Appellant moved to suppress all evidence regarding the phone and its contents, or otherwise obtained from accessing the contents, on the ground this evidence was obtained via an illegal search and seizure. After hearing testimony and viewing the video recording contained on the phone, the trial court denied the

_____

[2] The Texas Court of Criminal Appeals has found section 21.15(b)(1) of the Penal Code to be unconstitutional but that holding does not affect section 21.15(b)(2). *See Ex Parte Thompson*, 442 S.W.3d 325 (Tex. Crim. App. 2014).

motion. Subsequently, the trial court denied appellant's request for an instruction in the charge that the jury may not consider evidence it believed was obtained via an illegal search and seizure.

The jury found appellant guilty of the offense. The trial court assessed punishment at two years' confinement in state jail, probated for four years.

## II. ANALYSIS

We will address together appellant's two issues because we dispose of both on the same basis. Appellant contends the trial court erred by (1) denying appellant's motion to suppress, and (2) refusing to submit his requested jury instruction.

### A. Applicable Law and Standard of Review

To support both issues, appellant relies on Texas Code of Criminal Procedure Article 38.23(1), which provides:

> (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23(a) (West, Westlaw through 2015 R.S.).

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). We give almost total deference to the trial court's findings of historical fact that are supported by the record and its application of the law to facts if the

4

resolution of those questions turns on an evaluation of credibility and demeanor. *Id.* We review *de novo* the trial court's application of the law to the facts when the issue does not turn on credibility and demeanor. *Id.*

Even when a trial court has resolved a factual conflict relative to a motion to suppress against the defendant and admitted the evidence at issue, the defendant may still be entitled to a jury instruction under the second paragraph of Article 38.23(a). *See* Tex. Code Crim. Proc. Ann. art. 38.23(a); *Holmes v. State*, 248 S.W.3d 194, 199–200 (Tex. Crim. App. 2008). A defendant's right to submission of a jury instruction under article 38.23(a) is "limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible." *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007). If there is no dispute regarding a material fact issue, the legality of the conduct is determined by the court alone, as a matter of law. *Id*. at 510. We review a trial court's refusal to submit an instruction in the jury charge for abuse of discretion. *See Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000).

## B.    Analysis

Appellant's complaint regarding the search and seizure of the iPhone focuses on the actions of the complainant's sister. Appellant cites authority discussing application of the exclusionary rule to an improper search and seizure by a private citizen: "if an officer violates a person's privacy rights by his illegal conduct making the fruits of his search or seizure inadmissible in a criminal proceeding under Article 38.23, that same illegal conduct undertaken by an 'other person' is also subject to the Texas exclusionary rule." *Miles v. State,* 241 S.W.3d 28, 36 (Tex. Crim. App. 2007). Appellant contends the sister had effectively stolen the phone when the women viewed the contents in the dressing room because (1) the sister's statements while picking up the phone—"I just got an iPhone" and "it's

5

mine, it's mine"—demonstrate her intent to commit theft, and (2) the theft was complete when she briefly held the phone, although the women decided to give it to the police once they saw the contents.

As we construe appellant's position, he therefore maintains (1) the women's actions in obtaining the phone and viewing the contents constituted an illegal search and seizure; (2) in turn, the search warrant based on the information they provided was invalid; and (3) thus, the phone, evidence regarding its contents, and any other evidence obtained via the search warrant, including appellant's statement, should have been suppressed as fruits of an illegal search and seizure. Alternatively, appellant argues the sister's statements at least raised a question of fact before the jury on whether she committed theft, thereby entitling appellant to a jury instruction. *See Holmes*, 248 S.W.3d at 200 (recognizing State's own witnesses or evidence might affirmatively raise a factual dispute entitling defendant to an Article 38.23(a) instruction).[3]

The trial court issued numerous findings of fact and conclusions of law which, in summary, reflect it denied the motion to suppress for three separate reasons: (1) there was no theft; (2) appellant abandoned his interest in the phone before the women discovered it; and (3) the complainant had an ownership interest in the contents because they depicted her partially undressed body without her consent. We agree with the trial court's conclusion that appellant abandoned the phone before the women discovered it and thus he lacks standing to challenge their actions. Consequently, we need not decide whether the trial court erred by

---

[3] Appellant requested an instruction defining the elements of theft and stating, "if you believe beyond a reasonable doubt that the cell phone in question was obtained in violation of the law of the State of Texas, namely theft by [the complainant or her sister], then in such event, you will wholly disregard such evidence and all other evidence that was derived from the theft, and not consider it as any evidence whatsoever."

determining there was no theft or whether a disputed fact issue existed regarding a theft, entitling appellant to a jury instruction.

A person has standing to contend a search or seizure was unreasonable if (1) he has a subjective expectation of privacy in the place or object searched, and (2) society is prepared to recognize that expectation as "reasonable" or "legitimate." *State v. Granville*, 423 S.W.3d 399, 405 (Tex. Crim. App. 2014). Courts have held that (1) a person has a subjective expectation of privacy in the contents of his cell phone, and (2) this expectation of privacy is one society recognizes as reasonable and legitimate. *Id.* at 405–06. However, a person may lose a reasonable and legitimate expectation of privacy in the contents of his cell phone under some circumstances, including if he abandons the phone. *Id.* at 409.

When the police take possession of property that has been abandoned independent of police misconduct, no seizure occurs under the Fourth Amendment. *Swearingen v. State*, 101 S.W.3d 89, 101 (Tex. Crim. App. 2003). Further, no person can reasonably expect privacy in property he abandons. *Matthews v. State*, 431 S.W.3d 596, 608 (Tex. Crim. App. 2014). Thus, when a defendant voluntarily abandons property, he lacks standing to contest the reasonableness of the search of the property. *Id.*; *Swearingen*, 101 S.W.3d at 101. The defendant must intend to abandon the property, which may be inferred from words, acts, and other objective facts—the question being whether the defendant has voluntarily discarded or relinquished his interest in the property. *See Matthews*, 431 S.W.3d at 609. The issue is not whether he intended to discard the property permanently, but instead whether he abandoned the property in such a way "that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search." *Id.* (quoting *McDuff v. State*, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997)).

In this case, there were no disputed facts on whether appellant abandoned the phone, and therefore that inquiry is solely a legal issue. *See Madden*, 242 S.W.3d at 510; *Amador*, 221 S.W.3d at 673.[4] The trial court made the following conclusions with respect to the abandonment issue:

> The Court further finds that neither [the sister] who had fleeting temporary possession of the iPhone, nor [the mother], took the iPhone from the defendant's person, home or vehicle, but rather found it where the defendant had no right to be and where the defendant left it to commit the offense alleged in the indictment. As such, since the defendant did not report it stolen or lost to the police or inquire about it in person at the store or at the police station, he abandoned it.
> . . .
> The Court further finds that the Defendant did not have a reasonable expectation of privacy in his iPhone when his iPhone and the contents therein were retained by the complainant's mother and handed over to the police, where he had abandoned said iPhone in the women's dressing room by entering said dressing room and surreptitiously placing it in a "record" mode and later made no attempt to reclaim it in person. . . .

We agree that before the sister discovered the phone, appellant abandoned it by "surreptitiously" placing it in a public dressing room on record mode and then walking away from not only the phone but also the store.[5]

Appellant argues that conclusion is inconsistent with the State's theory necessary to prove an element of the offense. Appellant emphasizes he could not have intended to abandon the phone if he also intended to "arouse or gratify [his] sexual desire." In other words, appellant suggests proving that element would entail intent to later retrieve the phone so that he could view any recording of the

---

[4] The evidence presented at both the motion-to-suppress hearing and at trial (as set forth above) was substantially similar in pertinent respects.

[5] It is a reasonable inference appellant left the store before the women found the phone because he had called the store inquiring about the phone only minutes after the women found it.

8

complainant. In this regard, appellant cites the fact that he called the store inquiring about the phone.

However, the jury was correctly instructed that appellant must have made the recording with intent to "invade the privacy of the other person; **or** . . . arouse or gratify the sexual desire of any person." (emphasis added). *See* Tex. Penal Code Ann. § 21.15(b)(2). Thus, the State was not required to establish appellant intended to "arouse or gratify [his] sexual desire." *See id.* The jury could have concluded that appellant intended "to invade [the complainant's] privacy" even if he had no intent to retrieve the phone because he placed it where any other person could find it and view the recording. Further, appellant does not challenge sufficiency of the evidence, so we need not decide whether the State proved all of the elements.

Nonetheless, as set forth above, the inquiry is not whether appellant intended to discard the phone permanently but whether he abandoned it in such a way "that he could no longer retain a reasonable expectation of privacy with regard to it **at the time of the search**." *See Matthews*, 431 S.W.3d at 609 (emphasis added). We note appellant's subsequent attempt to retrieve the phone was tepid because he failed to leave any contact information when he called the store, did not return in person, and made no further efforts to retrieve it. Regardless, any intent, or actual attempt, to later **try** to retrieve the phone does not negate that appellant relinquished any "reasonable expectation of privacy" when he hid the phone in a public dressing room in record mode and left the store. *See id.*

In summary, because appellant abandoned the phone, he had no standing to challenge the subsequent circumstances under which the women and then the police accessed the contents. Accordingly, the trial court did not err by denying

9

appellant's motion to suppress and refusing to submit an Article 38.23(a) jury instruction. We overrule both of appellant's issues.

We affirm the trial court's judgment.


/s/    John Donovan
        Justice


Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).