**Affirmed and Majority and Concurring Opinions filed May 22, 2018.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-16-00593-CR

**ALEX VILLALOBOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from County Criminal Court at Law No. 6
Harris County, Texas
Trial Court Cause No. 2018160**

## C O N C U R R I N G    O P I N I O N

Within his argument for issue two, appellant contends that his warrantless arrest was illegal and that he was entitled to an article 38.23 instruction.[1] Taken together, it is apparent that appellant is claiming the trial court erred in denying his

---

[1] I do not address whether appellant preserved this issue because the failure to properly request an article 38.23 instruction would affect the harm analysis, which I do not reach. *See Holmes v. State*, 248 S.W.3d 194, 202 n.32 (Tex. Crim. App. 2008) (noting defendant's proffered incorrect instruction should have been analyzed under the egregious harm standard).

requested instruction because evidence was obtained as a result of his allegedly illegal arrest. *See* Tex. R. App. P. 38.1(f) ("The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."); *Wolfe v. State*, 509 S.W.3d 325, 341 (Tex. Crim. App. 2017). Accordingly, I would address that issue rather than decide, as the majority does, appellant was found in a suspicious place. And although the majority ultimately concludes the trial court did not err in failing to give the requested question, it repeatedly states it is not deciding that question, clouding its decision. Ultimately, the majority does not determine whether an article 38.23 instruction was warranted. Because it was not, I concur.

Article 38.23 requires the trial court to exclude any evidence that it finds, as a matter of law, was obtained in violation of state or federal law. Tex. Code Crim. Proc. art. 38.23. Further, article 38.23 mandates the jury be instructed that if it believes, or has a reasonable doubt, that the evidence was illegally obtained it is to disregard any such evidence. *Id.; Cummings v. State*, 401 S.W.3d 127, 128 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). Such an instruction is only required if "there is a genuine dispute about a material fact that is essential to deciding the lawfulness of the challenged conduct in obtaining the evidence." *Id.* at 130 (citing *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007)). "If other facts not in dispute are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not material to the ultimate admissibility of the evidence." *Id.*

Appellant asserts his warrantless arrest was illegal because the State failed to establish he was found in a suspicious place. *See* Tex. Crim. Proc. Code § 14.03. However, appellant has not identified any factual dispute. Appellant challenges his arrest on legal, not factual, grounds that the evidence failed to show he was in a suspicious place. This is not a "conflict concerning [a] specific historical fact."

*Holmes v. State,* 248 S.W.3d 194, 200 (Tex. Crim. App. 2008). If the question is only one of law, or there is no affirmative evidence that raises a contested fact issue, there is nothing to instruct the jury about. *Id; see also Cummings*, 401 S.W.3d at 130. The record contains no conflicting evidence about the place where appellant was arrested. For this reason, the trial court did not err in denying appellant's requested instruction.

I therefore respectfully concur in this court's judgment.


/s/     John Donovan
           Justice


Panel consists of Justices Jamison, Busby and Donovan. (Jamison, J., majority). Publish — Tex. R. App. P. 47.2(b).