NO. 07-09-0105-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 20, 2010

_____

LUIS ALBERTO JARAMILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,842-D; HONORABLE DON EMERSON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Luis Alberto Jaramillo, was convicted of possession of one gram or less of methamphetamine,[1] enhanced, and sentenced to

---

[1] Although Appellant was indicted for possessing four grams or more but less than two hundred grams of methamphetamine; he was convicted of the lesser included offense of possessing one gram or less.

seven years confinement.  Presenting a sole issue, Appellant maintains the stop of his vehicle was unreasonable.  We affirm.

**Factual Background**

On May 5, 2008, law enforcement had been attempting to serve a grand jury subpoena on an Asian female named Cindy Sivilaisane.  Although not personally familiar with Ms. Sivilaisane, Officer Robert Woodward, who had been conducting surveillance on her residence, observed an Asian female depart that residence and enter a vehicle with two male occupants.  Woodward testified that although he did not observe the driver of the vehicle commit any traffic offenses or engage in any other criminal activity, he nevertheless stopped the vehicle and asked for permission to search the vehicle.  After consent to search the vehicle was given by the driver, but before the search occurred, Officer Ross Renner arrived as backup.  Renner testified that he determined the Asian female was not the person he and Woodward had been attempting to locate to serve the subpoena.  Despite Officer Renner's knowledge, all three occupants were asked to exit the vehicle and the search continued.

According to the evidence, during the search of the vehicle, a syringe was found on the floorboard of the right passenger seat where Appellant had been seated.  The officers also found two different CD cases.  One case, discovered underneath the front seat, contained a plastic baggie with marihuana and a baggie with methamphetamine.

2

A second case, which was found behind the front seat, contained two digital scales and several spoons.

Originally, the Asian female had given officers a false name on account of an outstanding warrant. After almost one hour, the officers were able to determine her true identity. They spoke with her and the driver of the vehicle. At that point, she became cooperative and told Officer Renner "off the record" that the contraband found in the vehicle belonged to Appellant. Despite Appellant's denial of knowledge of the contraband found in the vehicle, he was handcuffed and arrested. Appellant was searched at the jail by Officer Johnny Bermea, who found .13 grams of methamphetamine in the change pocket of Appellant's jeans.

By a sole issue, Appellant maintains the trial court should have granted his oral motion to suppress the methamphetamine because the stop of the vehicle was unreasonable. The State maintains, among other assertions, that Appellant waived his complaint for appellate review.

**Preservation of Error**

During a bench trial, Officer Bermea testified that as is customary, he did a thorough search at the jail. During that search, he found a small plastic resealable bag (State's Exhibit 8) containing residue that was possibly methamphetamine (State's Exhibit 9) in the coin pocket of Appellant's jeans. When the State moved to introduce the exhibits, Appellant orally moved to suppress the evidence as being illegally seized in

3

violation of article 38.23 of the Texas Code of Criminal Procedure. The trial court overruled Appellant's motion and received both exhibits.

An employee of the Texas Department of Public Safety who tested the substance contained in Exhibit 9 testified it contained .13 grams of methamphetamine. Appellant objected to its admission until the chain of custody could be established. The trial court sustained the objection.

Officer William Lang, the property technician for the Amarillo Police Department testified to the chain of custody of State's Exhibit 9. When the prosecutor asked that Exhibit 9 be admitted into evidence, defense counsel stated, "Now that the chain is established, we would have *no objection to 9.*" By affirmatively stating he had "no objection to 9," Appellant waived his right to complain on appeal that the evidence was, as a matter of law, illegally obtained. *See Holmes v. State*, 248 S.W.3d 194, 196 (Tex.Crim.App. 2008) (when a defendant affirmatively states he has "no objection" to the admission of the evidence during trial, he waives the right to complain on appeal despite the trial court's ruling on the motion to suppress). *See also Strauss v. State*, 121 S.W.3d 486, 490 (Tex.Crim.App. 2003, pet. ref'd). Having failed to preserve error, Appellant's sole issue is overruled.

**Conclusion**

4

Accordingly, the trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.