

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00310-CR

PATRICK RYAN
HENNESSEY

APPELLANT

V.

THE STATE OF TEXAS

STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

In two points, Appellant Patrick Ryan Hennessey asserts that the trial court erred by denying his motion to suppress evidence of a blood test in violation of the Sixth Amendment's Confrontation Clause because the blood test results were testimonial and subject to cross-examination. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

Hennessey was involved in a single car rollover accident near the intersection of Forest Park and Interstate 30 in Fort Worth. The responding officer saw the vehicle "on its top" on the service road. He called a DWI enforcement officer to the scene after speaking with Hennessey and detecting the smell of alcohol on him. Before Hennessey was transported to the hospital for medical treatment, he admitted that he had consumed two or three "Crown and Cokes" about an hour before the accident, that he had been driving westbound on the interstate at around sixty miles per hour before he lost control of the vehicle, and that the vehicle slid off the side of the freeway onto the service road.

Police officers were stationed outside of Hennessey's treatment room at the hospital. Hennessey refused to provide a blood sample after receiving his statutory DWI warning, and police did not request a search warrant to obtain the blood sample. Nonetheless, per the hospital's standard treatment protocol, a blood sample was drawn for analysis, which included a blood-alcohol level assessment. The lab results of Hennessey's blood test were not received until after initial treatment procedures were completed, and the lab results were filed in his hospital record.

The State acquired Hennessey's medical records and offered them during trial under the business-records exception to the hearsay rule. Hennessey

2

moved to exclude the records, arguing that the State had violated the federal Health Insurance Portability and Accountability Act (HIPAA) by obtaining the medical records, and stating that he was "strictly attacking the HIP[A]A issue under 38.23 of the Code of Criminal Procedure." The State countered that Hennessey had no standing for this argument, and the trial court denied Hennessey's motion. Immediately thereafter, the State again offered Hennessey's medical records, and Hennessey's counsel stated, "There is no objection from the Defense." The trial court admitted the records into evidence.

The following day, after both parties stipulated that the medical staff member who drew Hennessey's blood remained unidentified, Hennessey moved to strike the medical records as violating the Confrontation Clause. The State argued that the Confrontation Clause did not apply to Hennessey's medical records because the blood samples were not taken at the police department's behest or for law enforcement purposes and because the medical records were not testimonial and were instead business records to be relied upon by expert witnesses.[2] The trial court denied Hennessey's motion, and the jury found

---

[2]Charles Cline, the primary emergency room nurse who provided care to Hennessey; Paul Payberah, the lab technician who performed the analysis on Hennessey's blood; and Mark Fondren, the senior forensic chemist for the Tarrant County Medical Examiner's Office, testified at trial. Cline testified about standard trauma patient care, including that every trauma patient has his or her blood drawn in the same way. Payberah testified about how he conducted the blood test and the equipment he used to perform it. Fondren testified about the effect Hennessey's blood alcohol content—0.15 versus the legal limit of .08— would have had on Hennessey. *See* Tex. Penal Code Ann. § 49.01 (Vernon 2003).

Hennessey guilty. The trial court sentenced Hennessey to forty days' confinement and a $750 fine and suspended his license. This appeal followed.

### III. Admission of Blood Tests Results

Hennessey complains that the trial court erred by denying his motion to suppress and by admitting evidence of the blood test results in violation of the Confrontation Clause, relying on *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004), and its progeny.

When testimonial evidence is at issue, "the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Id.* at 68, 124 S. Ct. at 1374. That is, *Crawford* applies only when the extrajudicial testimonial statements of a witness who does not testify at trial are sought to be admitted. *See id*. at 59, 124 S. Ct. at 1369.

Under the circumstances presented here, no Sixth Amendment violation occurred. That is, respectively, Cline's, Payberah's, and Fondren's testimonies about routine blood draws of trauma patients in the emergency room, the chain of custody of the vials of Hennessey's blood, the testing procedures used, and the conclusions that could be drawn from the blood test results are not governed by *Crawford* because no out-of-court statements were admitted through their testimonies. None of these witnesses drew Hennessey's blood or testified about any statements by the individual who did. Rather, their testimonies were admitted based on their own personal knowledge of the standard procedures

4

used, the actions they individually took, and the conclusions they drew based on their own personal knowledge, experience, and expertise. Therefore, the Sixth Amendment concerns about out-of-court-statements that were at issue in *Crawford* do not apply. *See*, *e.g.*, *Camacho v. State*, Nos. 02-07-00322-CR, 02-07-00323-CR, 2009 WL 2356885, at *3 (Tex. App.—Fort Worth July 30, 2009, pet. ref'd) (mem. op., not designated for publication) (holding that *Crawford* did not apply to chemist's in-court statement based on personal knowledge acquired from having trained and worked at the DPS laboratory); *Martin v. State*, No. 02-08-00128-CR, 2009 WL 2414294, at *7 (Tex. App.—Fort Worth Aug. 6, 2009, no pet.) (mem. op., not designated for publication) (holding that *Crawford*'s Sixth Amendment concerns about out-of-court statements did not apply to expert's testimony that was based on personal knowledge acquired by having trained and worked at the Tarrant County Medical Examiner's lab); *see also Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527, 2532 n.1 (2009) ("[W]e do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution's case.").[3] We overrule both of Hennessey's points.

---

[3]Furthermore, Hennessey failed to preserve this error. *See Holmes v. State*, 248 S.W.3d 194, 196 (Tex. Crim. App. 2008); *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005); *see also* Tex. R. App. P. 33.1(a)(1); Tex. R. Evid. 103(a)(1).

5

## IV. Conclusion

Having overruled both of Hennessey's points, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

LIVINGSTON, C.J. filed a concurring opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 2, 2010



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00310-CR

PATRICK RYAN HENNESSEY　　　　　　　　　　　　　　　　APPELLANT

V.

THE STATE OF TEXAS　　　　　　　　　　　　　　　　　　　STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

------------

## CONCURRING MEMORANDUM OPINION

----------

I respectfully concur with the majority opinion. Because appellant failed to properly preserve this error, I believe we should not address the merits of his complaint. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010). Preservation of error is a systemic requirement on appeal, and we have been directed not to address the merits of unpreserved error. *Id.* (quoting *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009)). Furthermore, as shown by the majority opinion, the result would be no different.

For these reasons, I respectfully join only in the judgment of the court.


TERRIE LIVINGSTON
CHIEF JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 2, 2010

8