02-09-310-CR
















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00310-CR

 

 


 
 
 PATRICK RYAN HENNESSEY
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM COUNTY
 CRIMINAL COURT NO. 1 OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I. 
Introduction

          In two points, Appellant Patrick Ryan
Hennessey asserts that the trial court erred by denying his motion to suppress
evidence of a blood test in violation
of the Sixth Amendment’s Confrontation Clause because the blood test results
were testimonial and subject to cross-examination.  We affirm.

II.  Factual and Procedural History

          Hennessey was involved in a single car rollover accident near the intersection
of Forest Park and Interstate 30 in Fort Worth.  The responding officer saw the vehicle “on its
top” on the service road.  He called a
DWI enforcement officer to the scene after speaking with Hennessey and detecting
the smell of alcohol on him.  Before
Hennessey was transported to the hospital for medical treatment, he admitted
that he had consumed two or three “Crown and Cokes” about an hour before the
accident, that he had been driving westbound on the interstate at around sixty
miles per hour before he lost control of the vehicle, and that the vehicle slid
off the side of the freeway onto the service road.

Police officers were stationed outside of Hennessey’s treatment room at
the hospital.  Hennessey refused to provide
a blood sample after receiving his statutory DWI warning, and police did not
request a search warrant to obtain the blood sample.  Nonetheless, per the hospital’s standard
treatment protocol, a blood sample was drawn for analysis, which included a
blood-alcohol level assessment.  The lab results
of Hennessey’s blood test were not received until after initial treatment
procedures were completed, and the lab results were filed in his hospital
record.

The State acquired Hennessey’s medical records and offered them during
trial under the business-records exception to the hearsay rule.  Hennessey moved to exclude the records,
arguing that the State had violated the federal Health Insurance Portability
and Accountability Act (HIPAA) by obtaining the medical records, and stating
that he was “strictly attacking the HIP[A]A issue
under 38.23 of the Code of Criminal Procedure.”  The State countered that Hennessey had no
standing for this argument, and the trial court denied Hennessey’s motion.  Immediately thereafter, the State again offered
Hennessey’s medical records, and Hennessey’s counsel stated, “There is no
objection from the Defense.”  The trial
court admitted the records into evidence.

The following day, after both parties stipulated that the medical staff
member who drew Hennessey’s blood remained unidentified, Hennessey moved to
strike the medical records as violating the Confrontation Clause.  The State argued that the Confrontation Clause
did not apply to Hennessey’s medical records because the blood samples were not
taken at the police department’s behest or for law enforcement purposes and
because the medical records were not testimonial and were
instead business records to be relied upon by expert witnesses.[2]
 The trial court denied Hennessey’s
motion, and the jury found Hennessey guilty. 
The trial court sentenced Hennessey to forty days’ confinement and a
$750 fine and suspended his license.  This
appeal followed.

III. Admission of Blood Tests Results

          Hennessey complains that the trial
court erred by denying his motion to suppress and by admitting evidence of the blood
test results in violation of the Confrontation Clause, relying on Crawford v. Washington, 541 U.S. 36, 124
S. Ct. 1354 (2004), and its progeny.

When
testimonial evidence is at issue, “the Sixth Amendment demands what the common
law required:  unavailability and a prior
opportunity for cross-examination.”  Id. at 68, 124 S. Ct. at
1374.  That is, Crawford applies only when the
extrajudicial testimonial statements of a witness who does not testify at trial
are sought to be admitted.  See id. at 59,
124 S. Ct. at 1369.

Under the
circumstances presented here, no Sixth Amendment violation occurred.  That is, respectively, Cline’s, Payberah’s, and Fondren’s
testimonies about routine blood draws of trauma patients in the emergency room,
the chain of custody of the vials of Hennessey’s blood, the testing procedures
used, and the conclusions that could be drawn from the blood test results are
not governed by Crawford because no
out-of-court statements were admitted through their testimonies.  None of these witnesses drew Hennessey’s blood
or testified about any statements by the individual who did.  Rather, their testimonies were admitted based
on their own personal knowledge of the standard procedures used, the actions
they individually took, and the conclusions they drew based on their own
personal knowledge, experience, and expertise.  Therefore,
the Sixth Amendment concerns about out-of-court-statements that were at issue
in Crawford do not apply.  See,
e.g., Camacho v. State, Nos. 02-07-00322-CR, 02-07-00323-CR, 2009 WL
2356885, at *3 (Tex. App.—Fort Worth July 30, 2009, pet. ref’d)
(mem. op., not designated for publication) (holding
that Crawford did not apply to
chemist’s in-court statement based on personal knowledge acquired from having
trained and worked at the DPS laboratory); Martin
v. State, No. 02-08-00128-CR, 2009 WL 2414294, at *7 (Tex. App.—Fort Worth
Aug. 6, 2009, no pet.) (mem. op., not designated for
publication) (holding that Crawford’s
Sixth Amendment concerns about out-of-court statements did not apply to
expert’s testimony that was based on personal knowledge acquired by having
trained and worked at the Tarrant County Medical Examiner’s lab); see also Melendez-Diaz v.
Massachusetts, 129
S. Ct. 2527, 2532 n.1 (2009) (“[W]e do not hold, and it is not the case, that
anyone whose testimony may be relevant in establishing the chain of custody,
authenticity of the sample, or accuracy of the testing device, must appear in
person as part of the prosecution’s case.”).[3]  We overrule both of Hennessey’s points.

IV. Conclusion

Having
overruled both of Hennessey’s points, we affirm the trial court’s judgment.

 

                                                                             
 
 
 
 
 
 
 
 BOB MCCOY

                                                                             
 
 
 JUSTICE

 

PANEL:  
 
 
 
 
 
 
 LIVINGSTON, C.J.; 
 
 
 
 
 
 MCCOY and 
 
 
 
 
 
 MEIER, JJ.

 

LIVINGSTON,
C.J. filed a concurring opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 2, 2010

 


 
 
 
 
 
 
 
 
 
  




 





 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00310-CR 

 

 


 
 
 Patrick Ryan 
 
 
  
 
 
 APPELLANT
 
 
 
 
 Hennessey
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM County Criminal Court No. 1 OF Tarrant COUNTY

------------

CONCURRING MEMORANDUM OPINION

----------

          I respectfully concur with the
majority opinion.  Because appellant
failed to properly preserve this error, I believe we should not address the
merits of his complaint.  Wilson v. State, 311 S.W.3d 452, 473
(Tex. Crim. App. 2010).  Preservation of
error is a systemic requirement on appeal, and we have been directed not to
address the merits of unpreserved error. 
Id. (quoting Ford v. State, 305 S.W.3d 530, 532–33
(Tex. Crim. App. 2009)).  Furthermore, as
shown by the majority opinion, the result would be no different.

          For these reasons, I respectfully join
only in the judgment of the court.

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
December 2, 2010











[1]See Tex. R. App. P. 47.4.





[2]Charles Cline, the primary emergency room nurse who provided care to
Hennessey; Paul Payberah, the lab technician who
performed the analysis on Hennessey’s blood; and Mark Fondren,
the senior forensic chemist for the Tarrant County Medical Examiner’s
Office, testified at trial.  Cline
testified about standard trauma patient care, including that every trauma
patient has his or her blood drawn in the same way.  Payberah testified
about how he conducted the blood test and the equipment he used to perform it.  Fondren testified about the effect Hennessey’s
blood alcohol content—0.15 versus the legal limit of .08—would have had on
Hennessey.  See Tex. Penal Code Ann. §
49.01 (Vernon 2003).





[3]Furthermore, Hennessey
failed to preserve this error.  See Holmes v. State, 248 S.W.3d 194, 196 (Tex. Crim. App. 2008); Reyna v. State, 168 S.W.3d 173, 179
(Tex. Crim. App. 2005); see also Tex. R. App. P. 33.1(a)(1); Tex. R. Evid. 103(a)(1).