COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| KIMBERLY TOUCHETTE, | § | No. 08-09-00080-CR |
| Appellant, | § | Appeal from the |
| v. | § | 210th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20080D00638) |
| | § | |

## O P I N I O N

Appellant was charged with driving while intoxicated, third or more, was convicted by a jury, and was sentenced by the trial court to seven years' community supervision, which included ten days' confinement in jail as a condition of her community supervision, 250 hours of community service, and a $1,000 fine, which was probated, among other conditions and requirements.

In a single issue on appeal, Appellant contends that the trial court erred when it denied her motion to suppress the intoxilyzer results, and admitted the same into evidence at trial. We affirm.

### BACKGROUND

Prior to trial, Appellant filed two motions seeking to suppress her breath test and all evidence seized or derived from her arrest. After considering the evidence and arguments at a pretrial hearing, the trial court denied Appellant's motion regarding the suppression of her two .17 intoxilyzer results, finding the officer's testimony to be credible regarding Appellant's consent to provide a breath sample.

At trial, when the State moved to admit the two intoxilyzer results, Appellant stated, "No objection, Your Honor," and the trial court admitted the tests into evidence. Appellant thereafter

testified that she was told by a police officer that if she did not provide a breath sample, she would go to jail. She testified that she believed that she would go to jail if she did not provide the sample and believed that if she did provide the sample, she would not go to jail. After the close of evidence, Appellant moved to exclude the results of her breath tests because "the State has closed and they did not rebut [Appellant's] testimony that if she did not take the breath test that she would go to jail." The trial court denied the motion, noting that the jury is the trier of fact.

## DISCUSSION

When a defendant files a pretrial motion to suppress evidence and obtains a ruling on the admissibility of the evidence, she need not object every time the evidence is offered at trial for the purpose of preserving error. *Garza v. State*, 126 S.W.3d 79, 84 (Tex. Crim. App. 2004). However, the Texas Court of Criminal Appeals has recognized that, "A defendant who affirmatively states, 'No objection,' when evidence is offered [at trial], waives [her] right to complain on appeal that the evidence was, as a matter of law, illegally obtained under Article 38.23." TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005); *Holmes v. State*, 248 S.W.3d 194, 196 (Tex. Crim. App. 2008). This result applies, as well, to our review of the admissibility of evidence seized pursuant to a warrantless arrest after a trial court has refused to suppress the evidence when the accused affirmatively states, "No objection" to the same evidence offered at trial. *Dean v. State*, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988) ("When an accused affirmatively asserts during trial that he has 'no objection' to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pretrial ruling."); *Aguero v. State*, 2008 WL 2555121, at *3 (Tex. App. – El Paso June 26, 2008, no pet.) (not designated for publication); *Traylor v. State*, 855 S.W.2d 25, 26 (Tex. App. – El Paso 1993, no pet.) (cases citing *Dean* and holding that an accused's complaints regarding the admissibility of objectionable evidence are waived when he affirmatively states, "no objection,"

when the same evidence is offered at trial).

Here, Appellant complains that the trial court erred by denying her pretrial motion to suppress the intoxilyzer results. However, because she affirmatively stated, "No objection," at trial when the intoxilyzer results were offered into evidence, Appellant has waived for our review any complaint regarding both the trial court's denial of her pretrial motion to suppress the intoxilyzer results as well as the trial court's admission of the intoxilyzer results during the course of trial. *Holmes*, 248 S.W.3d at 196; *Dean*, 749 S.W.2d at 83. Therefore, her sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

January 26, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)