TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00099-CR






Shedrick Mitchell, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. D-1-DC-10-202744, HONORABLE CLIFFORD BROWN, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N




 A jury convicted Shedrick Mitchell of the offense of evading arrest, enhanced by a
prior conviction for evading arrest. See Tex. Penal Code Ann. § 38.04(b)(1)(A) (West Supp. 2010)
(providing that offense of evading arrest, normally a misdemeanor, is "a state jail felony if . . . the
actor has been previously convicted" of evading arrest). On appeal, Mitchell argues that the
trial court erred in admitting evidence of his prior convictions for theft by check and burglary of
coin-operated machines because the prejudicial effect of those convictions outweighed their
probative value. See Tex. R. Evid. 403, 609(a). We will affirm the judgment of conviction.


BACKGROUND

 On the afternoon of May 13, 2010, the Austin Police Department responded to a theft-in-progress call involving cash boxes located at various self-parking locations in downtown Austin.
An employee of the parking-lot business testified at trial that he followed Mitchell and saw him
try to take money from the cash boxes. That same witness and an officer of the Austin Police
Department further testified that, when the officer arrived at Mitchell's location, he tried to flee the
officer by jumping over a fence into Waller creek and walking away.

 In response, Mitchell testified that, on the day in question, he was out "recycling,"
he never "stepped foot on their parking lot," and he did not try to evade the police. On cross-examination, the State asked Mitchell about his August 1996 conviction for evading arrest--i.e., the
prior conviction serving as the enhancing factor for current offense. See Tex. Penal Code Ann.
§ 38.04(b)(1)(A) (providing that offense of evading arrest, normally a misdemeanor, is "a state jail
felony if . . . the actor has been previously convicted" of evading arrest). After questions about that
prior conviction, the State then started to ask Mitchell about his prior convictions for other crimes,
but Mitchell's attorney objected on relevance grounds. At a bench conference, the State's attorney
explained that Mitchell's convictions for theft by check and burglary of a coin-operated machine
were relevant to impeach Mitchell's credibility as a witness because they were misdemeanors
involving moral turpitude. See Tex. R. Evid. 609(a) (allowing evidence of misdemeanors involving
moral turpitude for purpose of attaching witness's credibility). In response, Mitchell's counsel
argued that the probative value of those prior convictions would be outweighed by their prejudicial
effect. See id. (requiring trial court to determine that the probative value of the impeachment
evidence outweighs its prejudicial effect). The trial court ruled that it would allow the State to
introduce evidence of the theft-by-check and two of the burglary-of-coin-operated-machine
convictions, but "that introduction of all those other [prior convictions] would be--the probative
value is substantially outweighed by the prejudicial nature of the introduction of these." This ruling
concluded the bench conference between the judge and the attorneys.

 The State, resuming its cross-examination, asked Mitchell a series of questions
regarding the following exhibits:



 State's Exhibit 4, "Judgment and Sentence" reflecting Mitchell's February 26, 1996
conviction for theft by check;

 State's Exhibit 5, "Judgment and Sentence" reflecting Mitchell's June 10, 2005 conviction
for burglary of a coin-operated machine;

 State's Exhibit 6, "Judgment and Sentence" reflecting Mitchell's November 20, 2009
conviction for burglary of a coin-operated machine; and

 State's Exhibit 7, "Judgment and Sentence" reflecting Mitchell's November 20, 2009
conviction for burglary of a coin-operated machine.




Mitchell responded by stating that he could not remember any of these convictions or whether they
were his, but he conceded that they may have been his. The State then offered the four exhibits for
admission into the evidence and, during a bench conference regarding the scope of the court's
previous prior-convictions ruling, the trial court ruled as follows:


 THE COURT: At this point I am going to allow 4, 5 and 6.


 [MITCHELL'S COUNSEL]: Thank you.


 THE COURT: Excuse me, Counsel. Just so the record is
clear, there is no objection to 4, 5 and 6? 


 [MITCHELL'S COUNSEL]: No objection to 4, 5 and 6.


 (Out of side bar).


 After some additional cross-examination of Mitchell, during which Mitchell testified
that he had not gone onto the parking lots in question and that he had not tried to evade the police,
both the State and Mitchell rested and closed their cases. The jury found Mitchell guilty of the
felony offense of evading arrest, see Tex. Penal Code Ann. § 38.04(b)(1), and assessed punishment
at two years' confinement. Mitchell timely filed this appeal.


DISCUSSION

 In his sole issue on appeal, Mitchell asserts that his conviction should be reversed
because the district court erred by "allowing in evidence of [Mitchell's] criminal history in violation
of Texas Rules of Evidence Rule 609 and 403 and such error was harmful." Specifically, Mitchell
asserts that the trial court erred by admitting evidence of his convictions for burglary of a coin-operated machine--i.e., State's exhibits 5 and 6--because the prejudicial effect of that evidence
outweighs its probative value.

 We review the admission of evidence for an abuse of discretion and can reverse only
if the court's ruling is so clearly wrong that it lies outside the zone of reasonable disagreement. See
Montgomery v. State, 810 S.W.2d 372, 390 (Tex. Crim. App. 1990) (op. on reh'g). Before we reach
the merits of Mitchell's issue, however, we must first determine whether Mitchell preserved his right
to complain about the admission of the evidence. See Tex. R. App. P. 33.1(a)(1).

 Mitchell's counsel objected when the State began asking Mitchell about his prior
convictions, and the court overruled the objection by ruling that it would allow the State to introduce
the evidence. This objection and ruling would generally be sufficient to preserve error on this issue.
See id. However, when Mitchell's counsel later affirmatively stated "No objection" to the
subsequent offer of the documentary evidence of his prior convictions, Mitchell waived his previous
objection and cannot now complain of it on appeal. See Dean v. State, 749 S.W.2d 80, 83
(Tex. Crim. App. 1988) ("When an accused affirmatively asserts during trial that he has 'no
objection' to the admission of the complained of evidence, he waives any error in the admission of
the evidence despite the [prior] ruling."); see also Holmes v. State, 248 S.W.3d 194, 201 (Tex. Crim.
App. 2008) (noting that prior court of criminal appeals holding that "a defendant waives any
complaint on appeal concerning the admissibility of evidence when he affirmatively states, 'No
objection,' at the time the evidence is offered, is still good law"); Moody v. State, 827 S.W.2d 875,
889 (Tex. Crim. App. 1992) ("Appellant's response of 'no objection' waived his claim to
admissibility of the challenged evidence."). Accordingly, we overrule Mitchell's sole issue on
appeal.


CONCLUSION

 Having overruled Mitchell's sole issue on appeal, we affirm the judgment of
conviction.


 __________________________________________

 Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed: August 31, 2011

Do Not Publish