**Affirmed and Memorandum Opinion filed May 15, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-01161-CR

## MITCHELL WININGER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1800224**

# MEMORANDUM OPINION

Appellant, Mitchell Wininger, appeals his conviction for driving while intoxicated. In his sole issue, appellant contends the trial court erred by admitting appellant's "blood specimen and related evidence." Concluding this alleged error was not preserved, we affirm.

## I. BACKGROUND

According to the State's evidence, at approximately 1:00 a.m. on December 24, 2011, a Houston police officer stopped appellant's vehicle because he failed to dim his head lights when signaled to do so. That officer and a DWI task-force officer summoned to the scene suspected appellant was intoxicated based on their interaction with him and field sobriety tests. After appellant was given applicable statutory warnings, he consented to providing a blood specimen, which was obtained at the police station at 2:15 a.m. that morning. Testing revealed a blood-alcohol concentration of 0.20. *See* Tex. Penal Code Ann. § 49.01(2)(B) (West 2011) (defining "intoxicated" to include having a blood-alcohol concentration of 0.08).

After both the State and appellant rested at trial, appellant moved to "suppress" the "blood evidence" on, inter alia, the ground that the State had not established the blood was drawn in a sanitary place. The trial court denied the motion. A jury found appellant guilty of misdemeanor driving while intoxicated. The trial court sentenced appellant to three days' confinement in the county jail and assessed a fine.

## II. ANALYSIS

In his sole issue, appellant contends the trial court erred by admitting his "blood specimen and any related evidence" because the State failed to establish the specimen was taken in a sanitary place as required by Texas statute. *See* Tex. Transp. Code Ann. § 724.017(a-1) (West Supp. 2013) (providing a blood specimen "must be taken in a sanitary place").[1] Appellant invokes Texas Code of Criminal

---

[1] Section 724.017 was amended after appellant's conviction, but the relevant portion remains the same, albeit assigned a different subsection number. *See* Tex. Transp. Code Ann. § 724.017(a-1) (West Supp. 2013). Thus, we cite the current statute.

Procedure article 38.23(a) which provides, in pertinent part: "No evidence obtained by an officer or other person in violation of any . . . laws of the State of Texas . . . shall be admitted in evidence against the accused on the trial of any criminal case." Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005).

We agree with the State that appellant failed to preserve error on his contention. To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific grounds for the complaint and obtain a ruling. Tex. R. App. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). A defendant may object that evidence is inadmissible under article 38.23(a) in either of two ways: (1) he may object to admission of the evidence when it is offered at trial and request a hearing outside the presence of the jury; or (2) he may file a pretrial motion to suppress and have it heard and ruled upon before trial. *Holmes v. State*, 248 S.W.3d 194, 199 (Tex. Crim. App. 2008). In the present case, appellant did not file a pretrial motion to suppress.

We must, therefore, determine whether appellant's objection to the evidence was timely. In general, with respect to objecting when evidence is offered at trial, the objection should be made as soon as the ground becomes apparent. *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997). "[T]he defense must have objected to the evidence, if possible, before it was actually admitted. If this was not possible, the defense must have objected as soon as the objectionable nature of the evidence became apparent and must have moved to strike the evidence, that is, to have it removed from the body of evidence the jury is allowed to consider." *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). If a defendant fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely

and error is waived. *Lagrone*, 942 S.W.2d at 618. We have construed the components of Transportation Code section 724.017 as part of the necessary predicate for the State's admission of evidence regarding a person's blood-alcohol concentration. *See Garcia v. State*, 112 S.W. 3d 839, 848 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

We begin by noting that, although appellant broadly references the allegedly improper admission of the "blood specimen and any related evidence," the actual specimen of blood was not admitted. Appellant does not expressly state what he means by "related evidence." It appears from appellant's argument regarding harm that his evidentiary challenge is centered on the blood-alcohol test results. Nevertheless, we examine appellant's challenge to all blood-related evidence actually admitted.

During trial, to establish the manner in which the blood specimen was obtained, the State presented, without objection, (1) the testimony of Houston police officer Don Egdorf, an investigator for vehicular crimes, (2) a videotape of the blood-draw procedure, and (3) photographs of sealed vials containing appellant's blood. Officer Egdorf explained, and the video confirms, that a registered nurse drew the blood in a police-station office dedicated to that purpose, while Officer Egdorf observed.

Then, to prove the blood-alcohol concentration in appellant's specimen, the State presented, without objection, (1) testimony of William Arnold, assistant director of the Houston crime lab, who explained the testing procedure and the results, and (2) the written lab report showing the results, which was admitted during Arnold's testimony.

We conclude that appellant did not preserve error on the admission of any evidence related to the blood specimen. Appellant complains the State did not

establish, through Office Egdorf or otherwise, that the blood-draw office was sanitary. Assuming, without deciding, that appellant is correct, he knew when the State offered the photographs of the blood vials, Arnold's testimony regarding the testing procedure, and the test results that the State had not laid the predicate for admission by establishing the blood-draw room was sanitary.

Moreover, the nature of the proffered evidence was apparent before it was admitted. Before offering the photographs, the State established they depicted the blood vials, and appellant then stated he had no objection to their admission, Then, during Arnold's testimony, it was clear that the State was questioning him regarding the testing procedure, but appellant's only objections were unrelated to whether the State had proved the blood-draw room was sanitary. When offering the lab report, the State tendered the exhibit to appellant's counsel who stated "at this time, I don't have any objections." Subsequently, the State asked Arnold, "[W]hat does it say that [appellant's] blood alcohol concentration on the night of December 24th, 2011 was?" Appellant lodged no objection at that time. Further, appellant did not object when the State subsequently questioned Arnold regarding (1) the effects of a 0.20 blood-alcohol concentration on a person, (2) the amount of alcohol necessary to reach that concentration, and (3) whether that concentration was reflective of intoxication when appellant was stopped by the officer.

Rather, appellant first objected after both the State and appellant had rested—when appellant moved to "suppress" the "blood evidence" on the ground the State had not established the blood was drawn in a sanitary place.[2]

_____

[2] Although appellant refers to his objection after he rested as a "motion to suppress," the objection was essentially a "motion to strike." *See* Black's Law Dictionary 1110 (9th ed. 2009) (distinguishing a "motion to strike" ("[a] request that inadmissible evidence be deleted from the record and that the jury be instructed to disregard it") from a "motion to suppress" ("[a] request that the court prohibit the introduction of illegally obtained evidence at a criminal trial")). Appellant did not file any motion to suppress the evidence at issue before it was offered.

Accordingly, appellant failed to timely object to admission of the evidence related to the blood specimen. *See Lagrone*, 942 S.W.2d at 618 (holding defendant waived challenge to State's allegedly improper questions to witness regarding defendant's reputation because he did not object until after questions had been asked and answered and State had passed witness).

Because appellant did not preserve error on his complaint, we overrule his sole issue and affirm the trial court's judgment.

/s/    John Donovan
Justice

Panel consists of Justices McCally, Busby, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).