WR-82,404-01

Cause No CR-1284-11-B-(1)

Ex Parte                                    In The District Court

Cling Mark Baynard              93rd Judicial District

Applicant                             Hidago County, texas

## Objections To States finding of facts, Conclusions of Law, and Recommendation.

To The Honorable Court of Criminal Appeals;

   Comes Now Cling Mark Baynard Pro Se Applicant filing objections to District Courts finding of facts, Conclusions of law, Recommendation and order in above Said Cause to Applicants writ of habeas Corpus art 11.07. Respectfully Showing this Honorable Court the following:

   Applicant has Ten (10) days from the day that he recieves The finding of fact, Conclusion of Law, recommendation and order from the 93rd Judicial District Court Pursuant To T.R.A.P. 73.4(b)(2) to object to the findings of fact, Conclusion of Law, and recommendation, Which was filed Nov-25-2014; Signed for entry by Judge "Dec-10th or 14th-2014 Date illedgable" Applicant recieved Dec-19-2014, which gives him To Dec-29-2014 to file objections pursuant To T.R.A.P. 73.4(b)(2).

## Finding Of Fact

1.)    Applicant does not object to States proposed finding of fact # one; The indictment is obvious.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 07 2015

Abel Acosta, Clerk

1

2.) <u>Applicant Objects;</u> On States proposed finding of fact # Two; It States "Trooper was directed to initiate a Stop against applicants Vehicle because the investigating Officer had reason to believe that the vehicle (Suspects vehicle) and trailer was transporting Drugs"

While in fact if you look at troopers Statement RRV9 P.15. L 12-16. exhibit, 1; Testimony under oath "they Told me The reasons why I Needed To make The Stop, But The discretion To find the probable Cause was up to me" His statement in The record proves State trooper lacked probable Cause to Stop vehicle, when officer pulled vehicle over using extended Use of Turn Signal as Subjective intent reasoning To Make Stop. This is not a violation of texas State Law, See <u>U.S. V Miller 146 F3d @ 279 [3-4]</u>; Which mirrors applicants Case, (Holding "Since having a Turn Signal on without turning is not a violation Of texas law, it does Not provide objective basis for probable Cause Justifying Stop of vehicle.)

Also, Legal justification must be objectively grounded, See, <u>Whren 116 S.ct @ 1774</u>; See also, <u>Goodwin v Johnson 132 F3d 162, 173 (5Th Cir 1998)</u>; "So long as a Traffic law Infraction that would have objectively Justified The Stop had taken place, the fact that the police officer may have made Stop for reason's other then the occurence of The traffic Infraction is irrelevant for purpose of the Fourth Amendment" (emphasis added). Here, given That having a Turn Signal on is not a violation of texas law No objective basis for probable Cause Justified the Stop, for a full Continuum of law on the Subject using State, federal (5Th Circuit), and Supreme Court Case law. See Applicants habeas Corpus Memorandum Argument (3) and (4).

2

3.)      On States proposed finding of fact #Three, Guilty finding by Jury is obvious.

4.)      On States proposed finding of fact # four, Appellate Counsel filed an amended Anders brief in applicants Case. Applicant Objects, Finding of facts inComplete, because original brief lack 7 out of 10 Requisites of brief T.R.A.P. 38.1 See exhibit 2 Clerk's Letter further proving unreasonable professional representation as Stated in writ of habeas Corpus and Memorandun argument 5. This Case has fundamental and Constitutional error's. Appellate Counsels failures filing a merits brief guided the 13th Court of in its independant review.

5.)      On State's proposed finding of facts # five Appeal affirmed is obvious.

6.)      On States proposed finding of facts # Six Applicants pro se petition for Discretionary review was refused is obvious.

7.)      On State's proposed findings of facts #Seven Mandate issued is obvious.

8.)      On States proposed finding of facts # eight writ of habeas Corpos and Memorandun filed on June-24-2014 with issue's 1-5 is obvious

9.)      On State's proposed finding of facts # Nine Court ordered applicants Trial Counsel To respond To issues raised by way of affidavit or legal document. Applicant Objects and will Show this Court using totality of evidence in the record and perponderance of law his lawyer was unreasonable and the trial Court abused its discretion on issues raised.

3

10.) On State's proposed finding of fact # ten Affidavit filed is obvious, Applicant objects To its reasonableness and truth.

## Conclusion Of Law

1.) Applicant objects;

Applicant filed a Writ of Habeas Corpus art 11.07, with 5 (five) structual and Constitutional issues all of which he proves in his writ and Memorandum along with The record.

Structual and Constitutional errors at trial entitle applicant to relief if proven in writ of habeas Corpus art 11.07. Applicant filed 5 issues that are proven with Current Competent law and the record in his writ and Memorandum. All 5 errors are against Clearly established federal and Supreme Court law, See, trial Transcripes, writ of habeas Corpus, and memorandum for Totality of Circumstances. Applicant Objects.

2.) Applicant objects; on States proposed Conclusion of law # Two. State Claims applicant expressly withdrew his Support from the motion to Strike Juror #7 for Cause and has failed to preserve the ground for review. This is totally erroneous, See record, RRV,8. P.111, L 13-25.

Applicants writ Complains of Bias Juror both way's Abuse of Discretion of the Court Argument # one, and Ineffective Assistance of Counsel Argument #two.

No where in record or by way of waiver did applicant "expressly withdrew his Support for motion to Strike Juror". Applicant relied on Counsel to protect his 6th and 14th U.S. Const. Amend. and Tex. Const. 1.10, 1.15 and 1.19.

4

Applicant now directs this Court to RRV8, P.III, L13-25 exhibit #3, Writ of habeas Corpus and Memorandum Argument #1 Abuse of discretion and Argument #2 Ineffective Assistance of Counsel, for a Continuum of law on the Subject.

This Juror was disqualified as a matter of law; See, V.T.C.A. Gov't Code 62.105(4); Tex. Code. Crim. proc. art. 35.16 (b)(3) and (c)(2); Gonzales v state 353 sw3d 826 (Tex Crim app 2011); Feldman v State 71 Sw3d 738 (tex Crim. app. 2002); Smith v. Dean 232 Sw3d 181 [8] (tex. app fort worth 2007); State v. Dick 69 Sw3d 612 (tex app. tyler 2001) [13],[14], and [15]; Irvin v Dowd 81 S.cT 1639 (1961); Parker v Gladden 87 Sct 468 (1966) (per Curriom); and Virgil v. Dretke 446 F3d 598 (5th Cir 2006) [7] which holds, (fundamental Nature of habeas petitioner's right to be tried by impartial Jury was important guildpost for Court in assessing whether state Court denial of his ineffectiveness assistance of Counsel Claim, based on his trial attorneys failure to challenge either for Cause or otherwise venire person's who indicated that they Could not be fair and impartial was "Objectively unreasonable" application of Clearly established federal law, such as could be addressed even under the differenial Standard of review Mandated by the Anti-terrorism and effective Death penalty act (AEDPA) 28 U.S.C.A. § 2254 (d) (1).

3.) Applicant Objects; On States Conclusion of law #Three, They quote the 2 prongs of Strickland v. Washington 466 US. 668, 687 (1984) and Hernandez v. State 726 Sw2d 53 55-56 tex. Crim. app (1986); Applicant proves both prongs, See Writ of Habeas Corpus and memorandum Argument # Two.

A Structural error has happened in this Case, Bias Juror. Certain errors in the trial process including denial of right to impartial decision-maker are so basic to fair trial as to defy

harmless error review Virgil v. Dretke 446 F3d 598 (5Th Cir 2006) [6] @ 599.

Applicant relied on Counsel to make professional reasonable decisions during voir dior. A Juror stated he Could not be fair unequivocally, Which disqualify's Juror by law See RRV8, P.111, L.13-25, exhibit 3. This is a fundamental error denying a legally Constituted Jury. feldman v. State 71 Sw3d 738 (tex Crim.app.2002); Virgil v. Dretke 446 F3d 598 (5Th Cir 2006)

Looking at The facts and The evidence Surrounding this error in the record fact #ONE; Trial Counsel did not exercise No Strikes during voir dire. fact #2; There was 31 Jorors left in pool when he decided Not to Strike Juror #7 for Cause or otherwise, fact #3; Juror #7 Statement was an unequivocal "No. I'm Sorry" he Could not be fair. fact #4; Trial Counsel acknowledges This Juror bias in his affidavit and blames the Structual error on his client. A Self admitted unequivocal Statement of Bias by a potential Juror disqualify's him by law, allowing this Juror on any Jury is unethical. fact #5; Trial Counsel States in his affidavit That he "did not strike Juror #7 as per my Clients/defendants request." He State's he advised Client/defendant that it would be in his best interest to Strike Juror #7.

At this point any reasonable lawyer would have put his Client on The record, or by waiver, That The Client wanted To waive a fundamental Constitutional right to impartial Jury. I did not Say I wanted Juror #7 on my Jury and will testify under penalty of purjury to Same.

When I wanted To go to Trial and Not Take a plea deal, trial Counsel put me on The record See RRV7. P,4. L,23. — P,10. L,23. Why would he Not put me on record at my Supposidly request to

6

Keep Juror #7. Looking at all mitigating circumstances surrounding this structural error should convince any court this error prejudiced the entire trial process and should find This behavior outside The reasonable norm's of an ethical attorney.

The Case law is a continuum and in violation of clearly established state, federal, and Supreme Court Rulings See, Tex. Code. Crim. proc. 35.16 (b)(3) &(c)(2); Gonzales v State 353 Sw3d 826 (Tex. Crim. app. 2011); feldman v. State 71 Sw3d 738 (Tex Crim app 2002) [17] @740; V.T.C.A. Gov't Code 62.105 (4); Smith v Dean 232 Sw3d 181 [8] @ 182 (tex. app. fort worth 2007); State v Dick 69 Sw3d 612, [13],[14] & [15] (Tex. app. tyler 2001); Virgil v. Dretke 446 F3d 598 (5th Cir 2006); Irvin v. Dowd 81 Sct 1639 (1961) also Parker v. Gladden 87 Sct 468 (1966) (per Curriium);

4.) <u>Applicant Objects</u> To the accusary statement made by his Trial Counsel in his affidavit. No where in the record or by Signed waiver did applicant request that Juror #7 be left on panel. Looking at the totality of the circumstances Surrounding this error and the perponderance of the evidence No competent trial strategy can be concluded by putting a bias Juror on the panel.

This is a Structual fundamental Constitutional error So basic to the 6th and 14th amendment rights. This Juror was disqualified By law by his own Statement "No. I'm Sorry" he Could not be fair. RRV8, P.111, L13-25; See; Virgil v. Dretke 446 F3d @ 599 [5],[6],[7]; Irvin v. Dowd 81 Sct 1639 (1961); Smith v Dean 232 Sw3d @ 182 [3] [8] & [9]; State v. Dick 69 Sw3d 612 (tex. app, Tyler 2001);

**5.)** <u>Applicant Objects</u> To States Conclusion of Law #5. Which States, "there existed independant grounds To Conduct The temporary detention even without regard To the improper use of a Turn Signal, therefore, trial Counsel Cannot be ineffective for not This Contention during the Suppression hearing" The State fails to present legal authority or law Justifying an illegal Stop, or That his Counsels failure to object was a viable Strategy.

Applicant Contends the Government bears The burdon of proving that the traffic Stop was Constitutional when The Stop and Search were Conducted without a warrent.

Applicant's Attorney did not Call State Trooper To Suppression hearing That actually Made the Traffic Stop, when the Constitutionality of that stop was in question. That alone is unreasonable. Now, Applicant direct this Courts attention To The trooper Statement at trial "Not" Suppression hearing RRV9 P15 L12-17, Trooper States on the record That the discretion to find probable Cause was up To Me" which was extended use of Turn Signal, Making the Subjective intent of the Stop ungrounded, The reason for the Stop was Not a violation of texas State law.

the Stop of a vehicle and detention of its occupants Constitutes a Seizure under the 4th Amendment <u>U.S. V. Brigham 382 F3d 500, 506 (5th Cir 2004)</u> However [a] police officer may stop a vehicle if he has probable Cause to believe a traffic violation has occured "<u>U.S. V. Cole 444 F3d 688, 689 (5th Cir 2006)</u> citing <u>Whren V. US. 116 S.ct 1769 (1996);</u> The rule articulated by the Supreme Court in Whren provide law enforcement officers broad leeway to Conduct Searches and Seizures regardless of whether

8

Their subjective intent corresponds to the legal justifications for their actions *U.S. V. Miller 146 F3d 274, 279 (5th Cir 1998)* [the] flip side of that leeway is that the legal justification must be objectively grounded" Id (citing *Whren 517 U.S. @ 812-14*). If the alledged traffic violation forming the basis of the stop was not a violation of state law, there is no objective basis for justifying the stop. See Id (citing *Goodwin v. Johnson 132 F3d 162, 173 (5th Cir 1998); Cole 444 F3d @ 689; U.S. V. Lopez 178 F3d 282, 288 (5th Cir 1999)*, "The constitutionality of the officers stop of a [defendants] vehicle must stand or fall based on whether the [defendant] violated Texas Law" *Cole 444 F3d @ 689.*

Applicant contends not requesting the evidence be suppressed a suppression hearing by way of arguing pertinate law falls outside the wide range allowed to attorneys on reasonableness providing both prongs of Strickland, because outcome of trial would have been different absent the evidence that would have been suppressed.

6.) <u>Applicant Objects</u> to states proposed conclusion of law #6 asserting that applicant was given a full and fair hearing on a motion to suppress. Without the testimony of the State trooper that made the actual stop "a substantial foundation justifying cause in question" Defendant could not have had a full and fair hearing. which adds up to abuse of discretion of Court, argument #1 of writ, and Ineffective Assistance of Counsel argument #2 of writ.

9

**7)**     <u>Applicant Objects.</u> By appellate Counsels Signature, She asserted a Complete study review and analysis of the record which resulted in "No arguable ground for appeal" See Anders brief, However, Counsel Cited that Trial Counsel did not make any arguments as to why the evidence Should have been Suppressed during Suppression hearing See Anders brief P.7. L3-4 exhibit <u>4</u>.

Applicant asserts that it was This very Knowledge That Should have moved her To argue Trial Counsels ineffectiveness as opposed to Citing "No Arguable grounds". Counsel was ineffective for filing an Anders brief when non-frivolous issues existed for appeal <u>Lomberd v. lynaugh 868 F2d 1475 (5th Cir 1989).</u>

## A.) Failure To Raise 4th Amendment Violation:

Appellate Counsel, presuming Competent, Should have Concluded that a reasonable attorney would have raised Some form of arguments where arguments existed had trial Counsel performed any investigation what so ever into 4th Amend. Violation Applicant asserts at this moment Appellate Counsel Could have and should have made the argument for her Client by way of Trial Counsels ineffectiveness and /or raised the merits on her own.

## B.) Failure to Raise Bias Juror Ground:

Within Appellate Counsels Anders brief She Mentioned trial Counsels initial challenge To #7 Juror then his withdrawl from the challenge, She then fails to mention all the mitigating Circumstances Surrounding #7 Bias and the States Concern over his failure to answer yes or No and the fact he Could not be rehabilitated upon questions from State and Court.

10

Applicant now directs this Court to individual Voir dire RRV8, P.109. The Court and prosecutor begin to rehabilitate Juror #7 between PP 109-129. They question him 17 Times, each with no definative answer, The only unequivocal answer was no he Could not be fair See RRV8. P.111, L13-25. exhibit __3__. this is a Structual error that has been overlooked by lower Courts this Juror #7 was disqualified by law by his own statement.

## Summation

Applicants Case has Structual fundamental and Constitutional errors, this failure was a Manifest injustice to meritorious 4th, 6th and 14th Amendments recognized by State, federal, and Supreme Courts.

the States best argument requires This Court to disregard the law and applicants Constitutional rights, to Justify an illegal Stop, probable Cause was erroneously built on false traffic violation

It is well established in Constitutional law of a defendants right to an impartial Jury, where a Known bias Juror has been impanelled there is an egregious violation of that right, the States argument once again requires this Court to disregard the law that protects us all from an indifferent Court, the State and defendant own Counsel educated at law who Claim without proof or record that this error was his Clients/ defendants fault,

In further violation of a persons Constitutional right to a meaningfull appeal which Compounded egregious harm upon egregious harm. the

11

State would again have Cort disregard a most basic right to representation by an attorney filing an Anders brief "Stating She Could not find Cause" to represent a person was an egregious denial of Due process. which left her Client prejudiced before the 13th Court of appeals and his own ineffective pro se representation on direct appeal

## Prayer

wherefore premisis Considered, Applicant prays that this honorable Court will See that the law of the land is true and Correct down to the last detail to each of the issue's applicant Objects to herein, there fore applicant prays that this honorable Court Recommend Relief to be granted on this Habeas Corpus under art, 11.07.

Respectfully Submitted

*Cling mark Baynard*

## Certificate of Service

I cling mark Baynard State under penalty of purjury that the facts herein are true and Correct to the best of my Knowledge. A true and Correct Copy absent exhibits because no access to Copier has been forwarded to oppossing parties at address below, Criminal District Attorney office Hidalgo County Courthouse 100 N. Closner 3rd floor Edinberg texas 78539. and, Court of Criminal appeals P.O. Box 12308, Capitol Station, Austin, Tx 78711 executed on this 29 day of December 2014,

*cling mark Baynard.*

is that you came into contact with that person?

A. Okay. On that day, I got a phone call from our DPS narcotic agents. I was asked to stop a vehicle for them that was a white Ford pickup with a travel trailer on the back. I was told that the vehicle had narcotics in the back and they needed one of the uniformed officers to make a traffic stop.

Q. Let me interrupt you right there. When you got that call, did they tell you for what reason you were going to make the stop and how you were going to make the stop?

A. They told me the reasons why I needed to make the stop, but the discretion to find the probable cause was up to me.

Q. So, it was up to you to find a traffic violation if there was one?

A. Yes, ma'am.

Q. Okay. Go ahead.

A. Once I met with the narcotics officers, we were -- they already had eyes on the vehicle because the vehicle kept going in different directions and they wanted to know exactly what the direction of travel that vehicle was going to make before I go and make the traffic stop. At the time they told me to go ahead and make the traffic stop, I was on FM 1015

Exhibit # 1

10

# RENE GUERRA

DELIVERED

JUN 2 5 2012

13th COURT OF APPEALS

June 25, 2012

Ms. Dorian E. Ramirez, Clerk
Court of Appeals
Thirteenth Supreme Judicial District
Fifth Floor
Hidalgo County Administration Building
Edinburg, Texas  78539

RE:   Cause No. 13-11-00740-CR, styled
      Cling Mark Baynard vs. The State of Texas

Dear Ms. Ramirez:

Appellant, through counsel Brandy M. Wingate, submitted a brief in the above-referenced case on June 13, 2012.

On June 15, 2012, you sent Ms. Wingate a postcard noting that fact; pointing out that said brief did not comply with TEX. R. APP. P. 38.1 (a), (b), (c), (d), (f), (h), & (i); and asking Ms. Wingate to submit an amended brief within ten days of the date of said postcard.

On June 20, 2012, Appellant, through Ms. Wingate, submitted an amended brief.

The State has reviewed said amended brief; has noted that Ms. Wingate has indicated that she has reviewed the record on appeal in this case and has concluded that there are no issues which would warrant appellate review; and has observed that Ms. Wingate has, accordingly, submitted an Anders brief.

It has also noted that Ms. Wingate has met her obligations under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18

*Exhibit #2 pg. 1 of 2*

L.Ed.2d 493 (1967) to review the record; explain why she believed that an appeal would be frivolous; present any arguable issues raised by the record; provide a copy of her brief to Appellant; and inform Appellant of his right to review the record below and file a pro se brief.

The State has likewise observed that the brief submitted by Ms. Wingate includes a request that she be allowed to withdraw from this case.

**Based on the fact that Ms. Wingate has filed an <u>Anders</u> brief and the additional circumstances mentioned above, the State will not be filing a formal brief in this case at this time.**

The State, however, recognizes that Ms. Wingate has not yet been allowed to withdraw and that Appellant Cling Mark Baynard has the right to file a pro se brief.

**Accordingly, the State reserves the right to file a brief responding to any pro se brief Appellant might file, any revised brief which Ms. Wingate might file, and any brief which might be filed by any new appellate counsel who might be appointed to handle this case.**

Furthermore, based on its own review of the trial record, the State submits (1) that counsel's assessment that this appeal is frivolous is accurate and (2) that Appellant Cling Mark Baynard's conviction and sentence should be affirmed in all respects.

Although this letter indicates that the State does not intend to submit a brief in this case at this time, it deals with the State's response to a defense brief. Accordingly, I have enclosed five copies of this letter along with the original.

By copy of this letter, Ms. Wingate and Appellant Cling Mark Baynard have been notified of this correspondence.

Thank you for your attention to this matter.

Respectfully Yours,

THEODORE C. HAKE, Assistant
Criminal District Attorney
Hidalgo County, Texas

Exhibit #2 Pg. 2 of 2

mean, I understand that -- you know, I will try to be fair obviously. I want to be fair to the -- especially both sides.

MS. SALINAS: But we do have to envision a scenario where it would be close maybe and you did not hear evidence from the defense. We do need an answer one way or the other, yes or no, as to whether or not you could be fair. We wish we could take, "I need to think about it" or "I'm not sure," but we really can't.

PROSPECTIVE JUROR: I would have doubts.

MS. SALINAS: You think at this time you would not be able to be fair in this case because you're doubtful?

PROSPECTIVE JUROR: I guess I'll lean towards saying that it would be difficult to be fair, yes, ma'am.

MS. SALINAS: Are you saying you would not be fair? And I do have to commit you to ask you to answer yes or no.

PROSPECTIVE JUROR: No. I'm sorry.

MS. SALINAS: Okay. That's fine. Don't be sorry. There's lots of other jurors to choose from. Don't worry about it.

Exhibit #3

No error was preserved with respect to the admission of the video of the traffic stop, Appellant's statements on the video, or the marijuana recovered as a result of the traffic stop. First, Appellant's trial lawyer made no argument regarding suppression of the marijuana based on any applicable law, nor did he file a formal motion. In any event, Appellant's counsel admitted during opening statement that Appellant was driving the truck that was carrying marijuana. 8 RR 147. Appellant's argument was that he did not know that the marijuana was contained in the trailer. 8 RR 147. During Officer Villafranca's testimony at trial, he twice mentioned that marijuana was recovered from Appellant's truck, and no objection was raised. 8 RR 181-82. The State offered exhibit 4 and 4A, which was a copy of Trooper Tijerina's in-car video showing the traffic stop. 8 RR 184. When the video was offered, Appellant's counsel stated, "We have no objection." 8 RR 184. Additionally, when the DPS crime lab reports were admitted into evidence showing that the bundles discovered during the traffic stop contained marijuana, Appellant's counsel again stated he had no objection. 8 RR 224; 12 RR SX 28, 29.

When a pretrial motion to suppress is overruled, a defendant need not object again when the evidence is offered at trial. However, where defense counsel affirmatively states that he has "no objection," any error in admitting the evidence is waived. *Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008); *Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005); *Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992) (statement of "no objection" to offered evidence

Exhibit #4

7

Cling mark Baynard 1729758
W.P. Clements Unit
9601 Spur 591
Amarillo, tx 79107

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 07 2015

Abel Acosta, Clerk

Date: 12-29-2014

Clerk of Court for
Court of Criminal appeals
P.O. Box 12308
Capitol Station
Austin, tx, 78711

RE:      filing objections to findings of facts,
Conclusions of law, and Recommendation
to writ of habeas Corpus 11.07 in Cause No.
CR-1284-11-B-(1); WR-82,404-01:

Dear Clerk

      Please file enclosed objections to states
findings of fact, Conclusion of Law, and
recommendation on my writ of habeas
Corpus under art. 11.07. in above Said
Cause.
      Pursuant to trap. 73.4 (b)(2) it states I have
10 day's to file objections and the State May
go ahead and forward writ of habeas to
Court of Criminal appeals, so I Served
State as Said in Certificate of Service
and enclosed is my formal objections.
      Please Confirm filing By way of Letter
or post Card please. Thank you for your
help.

                              Respectfully Submitted
                              cling mark Baynard