

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00111-CR

KENNETH LOVETT STILGEBOUER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 110th District Court
Floyd County, Texas
Trial Court No. 4728, Honorable William P. Smith, Presiding

May 29, 2019

## MEMORANDUM OPINION

### Before CAMPBELL and PIRTLE and PARKER, JJ.

Kenneth Lovett Stilgebouer, appellant, was convicted of the offense of continuous sexual abuse of a child[1] and sentenced to life imprisonment in the Texas Department of Criminal Justice. In this appeal, he challenges the trial court's decision to admit evidence of prior convictions during the guilt-innocence phase of his trial. We affirm.

---

[1] Tex. Penal Code Ann. § 21.02 (West 2019).

## Background

Appellant was indicted for the continuous sexual abuse of "Charlotte,"[2] a child younger than seventeen years of age, occurring between July 15, 2012, and January 2, 2016. Appellant pleaded not guilty and the matter proceeded to a jury trial. During its case-in-chief, the State introduced evidence that in 1996, appellant had been convicted by an Oregon court of two counts of sexual abuse in the third degree. On appeal, appellant asserts that the trial court abused its discretion by admitting this evidence.

## Analysis

### Standard of Review

We review a trial court's ruling to admit or exclude evidence for an abuse of discretion. *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010). The trial court abuses its discretion when its ruling lies outside the zone of reasonable disagreement. *Id.* If the trial court's ruling was correct under any theory of law applicable to the case, we will uphold the ruling. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

### Admission of Previous Offenses under Article 38.37

By his first issue, appellant contends that the trial court abused its discretion by admitting the Oregon convictions into evidence during the guilt-innocence phase of the jury trial under section 38.37 of the Texas Code of Criminal Procedure. According to appellant, the Oregon convictions were not for offenses described by section 38.37 and,

---

[2] We will use pseudonyms when referring to the names of any person who was a minor at the time an offense was committed. *See* TEX. R. APP. P. 9.10(a)(3).

without the testimony of the Oregon victim, the jury did not have enough details to properly rely upon the convictions during the guilt-innocence phase.

The provisions of sections 2 and 2-a of article 38.37 "allow evidence that a person had committed certain previous criminal offenses with any child victim to be admitted into trials for certain offenses with child victims." *Pugh v. State*, No. 06-14-00066-CR, 2015 Tex. App. LEXIS 3663, at *2-3 (Tex. App.—Texarkana April 15, 2015, no pet.) (mem. op., not designated for publication) (citing the bill analysis for TEX. CODE CRIM. PROC. ANN. art. 38.37, §§ 2, 2-a (West 2018)). Pursuant to section 3 of article 38.37, the State gave appellant notice of its intent to introduce the evidence in its case-in-chief prior to trial. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 3. At the pretrial hearing on the matter, appellant's counsel objected to the intended introduction of the extraneous offense evidence. The trial court, after noting that the evidence would likely be admitted, advised that the parties could approach the bench for a definitive ruling at trial.

At trial, the State elicited testimony from the sex offender registration coordinator for the Lubbock Police Department. She testified that appellant had admitted to her that he was the same person that had been convicted in Oregon, and she identified State's Exhibit 1 as a certified copy of the 1996 Oregon judgment against appellant. The judgment reflected that appellant was convicted of two counts of sexual abuse in the third degree.[3] When the State offered Exhibit 1 into evidence, appellant's counsel objected on

---

[3] Under the Oregon statute at issue, a person commits sexual abuse in the third degree if "the person subjects another person to sexual contact" and the victim is incapable of consent by reason of being under 18 years of age. OR. REV. STAT. § 163.415(1)(b) (1995). "Sexual contact" was defined as "any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party." OR. REV. STAT. § 163.305(6) (1995).

the grounds that the indictment was attached to the judgment, arguing that the indictment is "not evidence of guilt." He continued, "We would ask—we would have no objections without the indictment being attached. But with the indictment being attached, we would object to the entirety."

The State argued that the indictment was necessary to establish what specific conduct appellant had been accused of, which was not evident from the conviction itself. The trial court ruled that only the conviction, not the indictment, would be admitted. The indictment was then removed from the exhibit, and appellant's counsel stated, "I don't have an objection to that." State's Exhibit 1 was then admitted.

When the State offers evidence and the defendant affirmatively voices "no objection," then the defendant will have waived any error in the admission of the evidence. *See Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005) (en banc) (affirmative acceptance of previously challenged evidence waived any error in its admission); *see also Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986) (defendant who preserves objection to introduction of evidence in pretrial motion to suppress but then affirmatively asserts during trial that he has "no objection" to the admission of the complained-of evidence waives any error in its admission). By affirmatively stating "no objections" to the Oregon judgment once the indictment was removed, appellant has waived any error in the admission of this evidence and has lost the ability to assert error in that regard.[4] *Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008). Thus, the

---

[4] We note that later in the trial, appellant objected to the admission into evidence and publication to the jury of State's Exhibit 4, a copy of the Oregon statute under which he was convicted. The objections were overruled. Appellant's objections to the statute did not encompass an objection to the judgment of conviction itself, which is the subject of appellant's issues on appeal.

trial court did not abuse its discretion in admitting the judgment reflecting the Oregon convictions into evidence. Appellant's first issue is overruled.

Admission of Previous Offenses under Rule 403

By his second issue, appellant asserts that the trial court abused its discretion by admitting the Oregon convictions into evidence during the guilt-innocence phase of the jury trial under Texas Rule of Evidence 403. Appellant contends that, even if extraneous offense evidence is relevant and admissible under article 38.37, it is subject to exclusion under Rule 403 if its probative value is substantially outweighed by unfair prejudice. *See* TEX. R. EVID. 403.

Although appellant raised this complaint at the pretrial hearing by objecting that evidence of appellant's prior convictions was "more prejudicial than probative," the record shows, as set forth above, that appellant later stated at trial that he had "no objection" to the admission of State's Exhibit 1. Consequently, appellant has waived any error in the admission of the evidence. *Holmes*, 248 S.W.3d at 200. Appellant's second issue is overruled.

Conclusion

Having overruled appellant's two issues on appeal, we affirm the judgment of the trial court.

Judy C. Parker<br>Justice

Do not publish.